CITY OF KANSAS CITY, Missouri, Plaintiff–Respondent,

v.

C. S. EHINGER, Defendant–Appellant.

No. WD31680.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Hines & Magee, L. R. Magee, Kansas City, for defendant–appellant.

Aaron A. Wilson, City Atty., William D. Geary, James C. Bowers, Barbara A. Schenkenberg, Asst. City Attys., Kansas City, for plaintiff–respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Defendant appeals a circuit court conviction, pursuant to de novo review without a jury, and resulting $50 fine. Defendant was convicted of violating § 65.030 of the General Ordinances of the City of Kansas City, which prohibits the use of land zoned "M1" for storage of salvaged or waste materials.

Defendant contends that the court erred in denying his motion for acquittal because ownership and use of the property by defendant were not proven beyond a reasonable doubt by the City.

The information filed against defendant reads as follows:

"Did *use* land situated in a district zoned M1 for a purpose not permitted in said district, to wit: did *use* land for storage in bulk of salvaged or waste materials in violation of Section 65.180(42) Code of General Ordinances of KCMO." (Emphasis supplied).

The evidence presented can only be described as "skimpy." The City offered in evidence two deeds, one dated 1951, one dated 1961, with defendant as grantee and describing certain property.

Mr. Park, who was a supervisor of sanitation with the City testified that he inspected the property and by comparing the two deeds to a plat, determined that the deeds described the property upon which the violation existed.

Park stated that he sent a notice of violation to defendant, informing him of the violation. Park also identified pictures of the property which showed "metal items" like "a rafter [from the] inside of a larger auditorium or a building" and "large concrete items."

The City then rested, and defendant moved for acquittal. The court overruled defendant's motion and, after being advised that defendant would present no evidence, entered judgment against defendant, and assessed a fine of $50.

The sections of the ordinance referred to in the information and under which the violation was charged are in pertinent part as follows:

"Sec. 65.180 District M–1

Use regulations.

In district M–1, no building or land shall be used ... for other than one of the following uses, ...

.    .    .    .    .

42. Storage in bulk of the following, which does not include salvaged or waste materials or junk storage or operations; provided the property is enclosed within a wall or cyclone type fence at least eight (8) feet in height."

Defendant contends that the motion for acquittal was improperly denied because the City did not prove beyond a reasonable doubt that defendant was *using* the land described in the information and referred to in the evidence and that proof of use was material to the charge.[1]

1. Sec. 65.420, the penalty section of the ordinance, provides that an "owner" is liable for a violation "existing" on the premises or alternatively provides for a penalty against a "user" or person "permitting" use.

The information set forth above rather sharply defines the defendant's role as that of a "user." The proof of "use" by the defendant was an essential element of the City's case.

Defendant's position is that the evidence was insufficient to support a finding that he was "using" the land. The City counters with the argument that defendant was the record title owner of the property and it can therefore be *presumed* that he was "using" the property.[2]

■ Review in a court–tried case requires the reviewing court to consider all the evidence and the inferences supporting the judgment in the light most favorable to the judgment, disregarding all contrary evidence and inferences. *City of Kansas City v. Reagan*, 553 S.W.2d 552 (Mo.App.1977); *City of Kansas City v. Oxley*, 579 S.W.2d 113 (Mo.banc 1979).

So viewed, the City's proof shows the defendant was the owner in 1961 of the premises and that a violation of the permitted uses of the premises was occurring in 1979. The *inference* is also to be indulged that the defendant still owned the land. *H. B. McCray Lumber Company v. Standard Construction Co.*, 285 S.W. 104 (Mo.App. 1926); *State v. Donahue*, 585 S.W.2d 160 (Mo.App.1979); Wigmore on Evidence § 2530.

■ The parties have in brief and argument used the term presumption and inference interchangeably. A true presumption shifts the burden of producing evidence, while an inference only satisfies a party's burden of producing evidence with regard to a particular fact. Presumptions would compel criminal defendants to produce evidence to the contrary or face directed verdicts. McCormick concludes that presumptions in criminal cases are really only inferences which allow, but do not require, the fact finder to accept the existence of the assumed fact. C. McCormick, McCormick on Evidence § 342 (2nd ed. 1972). An infer-

ence is a logical and reasonable conclusion of a fact not presented by direct evidence but which by the process of logic and reason the trier of fact may conclude exists from the established facts. *Smith v. Seven–Eleven, Inc.*, 430 S.W.2d 764 (Mo.App.1968).

Thus, the City's claim that the use in 1979 may be inferred from ownership rests upon the inference that ownership in 1961 infers continued ownership during 1979. This is a classic example of "inference stacking."

> "An inference may not properly arise which is 'dependent for establishment of one fact upon inference to be drawn from some other fact shown only by inference.'" *State v. Gonzales*, 533 S.W.2d 268[4] (Mo.App.1976). Citing *State v. Ring*, 346 Mo. 290, 141 S.W.2d 57 (banc 1940).

■ The burden was on the City here to prove every essential element of the offense of which defendant was convicted. *State v. Strong*, 339 S.W.2d 759 (Mo.1960). The information charged defendant with "using" the property in violation of a zoning restriction. The only showing that defendant was "using" the property was an inference of use based upon an inference of ownership drawn from the fact of record title ownership in 1951 and 1961. This inference stacking is improper. The City's case falls for lack of proof of an essential element of the offense. *City of Kansas City v. Oxley, supra*.

The judgment must be reversed, and the defendant ordered discharged.

All concur.

---

2. This opinion does not reach or decide the question of the validity of a conviction for "use" predicated upon factual proof of ownership at the time of the violation and a further reliance upon that ownership as inferring "use." Cf. *City of St. Louis v. Cook*, 359 Mo. 270, 221 S.W.2d 468 (1949).