**STATE of Missouri, Respondent,**

v.

**William S. BARNETT, Appellant.**

**No. 43944.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1982.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
March 19, 1982.

Ralph Levy III, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Defendant appeals from jury conviction of stealing a motor vehicle in violation of § 570.030.2(2)(a), RSMo.1978. The jury assessed punishment at six months in the St. Louis County Jail, but the trial court found defendant to be a persistent offender under § 558.016.2 and sentenced him to a term of seven years in the Division of Corrections. We affirm.

Defendant's main assertion is that the evidence was insufficient to make a submissible case. In analyzing the sufficiency of the evidence we take as true all evidence in the record contributing support to the jury's finding of defendant's guilt, together with all appropriate inferences that can be fairly drawn therefrom and give no heed to adverse evidence and inferences. *State v. Brueckner*, 617 S.W.2d 405, 410 (Mo.App. 1981). Also, since the state proved its case by circumstantial evidence, we keep in mind that the actions and events used to show guilt must be accordant with the postulate of defendant's guilt and at variance with and eradicate every reasonable hypothesis of defendant's innocence. This is not to say that the circumstances must be completely determinative of guilt or confirm inconceivability of innocence, but the mere existence of other possible explanations is not adequate to take the case from the jury. *State v. Payne*, 612 S.W.2d 353, 354 (Mo.App. 1980).

Thomas Herman, the owner of Tom's Motors and part-owner of the stolen vehicle, a 1972 Buick, left the Buick on the lot of Tom's Motors at around 10:30 p. m. At about 11:45 p. m., St. Louis County Police Officer Robert Shelby noticed the defendant and a passenger driving a Suburban truck on the lot of Yust Automotive, located a little more than a block from Tom's Motors. Shelby then observed the Suburban on Chambers Road (about three-quarters of a block from Yust) approximately fifteen minutes later. This time, the defendant was alone in the Suburban, which was closely following the stolen Buick. That vehicle was being driven by a man similar in appearance to the passenger which occupied the Suburban with the defendant just ten minutes earlier. Shelby did not know the Buick had been stolen, but said that his attention was drawn to it because it had no license plates and because it was being so closely followed by the Suburban.

When Shelby, riding in a marked car with lights and siren on, attempted to apprehend the driver of the stolen Buick, the defendant persistently blocked him with the Suburban, preventing Shelby from pulling the Buick over. It was only after driving through a traffic light that Shelby was able to pass the Suburban and finally stop the stolen car. The driver of the Buick drove

into a driveway, stopped and ran. Shelby gave chase, but the driver escaped. As Shelby was returning to his car, he viewed the Suburban slow down in front of the police car and then speed up. Shelby got back into his car and chased after the Suburban. The Suburban stopped and the defendant was placed under arrest.

■ This evidence and inferences which could be drawn therefrom indicate that the defendant was guilty as an aider and an abettor in the offense in stealing the Buick from Tom's Motors. The fact that defendant and the driver of the Buick were together in the Suburban, that the Suburban and Buick were driving together, that the Suburban blocked Shelby and that the Suburban arrived at the scene where the driver of the Buick stopped is a sufficient chain of events which could convict defendant on circumstantial evidence. *See, State v. Puckett,* 607 S.W.2d 774 (Mo.App.1980) and *State v. Jackson,* 604 S.W.2d 832 (Mo.App. 1980).

■ Defendant's second point deals with the claim that the court erred in submitting paragraph 3 of Instruction No. 6 (MAI–CR.2d 2.10) which instructed the jury that:

> The presence of a person at *or near* the scene of an offense at the time it was committed is alone not sufficient to make him responsible therefor, although his presence may be considered together with all of the evidence in determining his guilt or innocence. [Emphasis added.]

Defendant contends the giving of this instruction was error because there was no substantial evidence which would support a finding that the defendant was at the scene of the offense at the time the car was taken, and that the giving of this instruction was prejudicial because the jury may have believed this to be a comment on the evidence.

Paragraph 3 may be given any time a defendant is actually observed at the scene of the offense, *or near* the scene of the offense. Presence at the precise location is not required. Here, Shelby observed defendant at Yust, about one block from where the Buick was taken. The evidence justified the submission of Instruction No. 6. *See, State v. Coleman,* 441 S.W.2d 46, 53 (Mo.1969).

Defendant's final point deals with the allegation that the trial court erred in finding defendant a persistent offender by reason of the admission into evidence of two exhibits which were not properly certified.

■ At the persistent offender hearing, the prosecutor introduced certified copies of judgment and sentence entered on December 11, 1975, after pleas of guilty, of two felony offenses. State's Exhibit 1–c was a certified copy of judgment and sentence regarding a conviction after a guilty plea of robbery in the first degree. State's Exhibit 1–a was certified copy of judgment and sentence upon a plea of guilty on the same date on which the robbery plea was accepted showing that defendant was convicted of the felony offense of exhibiting a deadly weapon in a rude and threatening manner. Exhibits 1–c and 1–a did not show that the offenses were submitted on different dates as required by § 558.016(2), RSMo.1978. To supply the missing link, the state offered, and the trial court accordingly admitted into evidence, uncertified copies of the informations containing the charges showing that the crimes occurred on different dates. The admission into evidence of uncertified copies of these informations was certainly erroneous. However, defendant has shown no prejudice by the erroneous introduction of these exhibits into evidence. Defendant makes no claim that the exhibiting of a deadly weapon in a rude and threatening manner conviction and the robbery conviction were in fact committed on the same date.

■ If the admission of these informations were prejudicial to defendant, the proper disposition would be to reverse and remand for a new sentencing hearing to obtain additional proof, if any, of defend-

ant's status as a persistent offender. *State v. Harris*, 547 S.W.2d 473, 476 (Mo.banc 1977). Here, however, there is no contention that the crimes were committed on the same date. Reversal and remand would be a futile gesture, for defendant suffered no prejudice. The law does not compel the undertaking of a useless act for the lone aim of complying with a technical requirement. *Orr v. State*, 607 S.W.2d 187, 189 (Mo.App.1980).

Judgment affirmed.