**STATE of Missouri, Respondent,**

v.

**Mary HYDE, Appellant.**

No. 47854.

Missouri Court of Appeals,
Eastern District,
Division Nine.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Henry W. Cummings, St. Charles, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

R. KENNETH ELLIOTT, Special Judge.

Defendant appeals a court-tried conviction and sentence of ninety days in a medium security facility, based on a stipulation of facts filed with the trial court on August 26, 1983. We affirm.

The facts as stipulated indicate that defendant owns an apartment building at 4127 Westminster in the City of St. Louis, Missouri. On January 12, 1983, two detectives proceeded to the rear of that address to investigate the unauthorized use of Union Electric Company electricity. The detectives knew that the electric company had previously disconnected the electricity because of defendant's failure to pay the electric bill. The detectives observed a wire connecting an adjacent property and defendant's property. The detectives knocked on defendant's door and she answered. Defendant was advised of her *Miranda* rights, which she said she understood.

One of the detectives explained to defendant that they had observed the improper electrical connection and defendant replied, "I own this building here, and my electricity has been turned off for a long .... long time. Just because you guys see the wire up there doesn't mean that you can lock me up for it. How can you prove that I did it, anybody could have done it." There was no direct evidence that defendant made or assisted in making the unlawful connection or connections. However, the electricity had been turned off for a long time.

The detectives saw an electric light shining, "burning" on the inside of the front first-floor apartment, whereupon the defendant was asked if any other lights were burning in any part of the building. There defendant responded, "Yes, I have got electric [sic] up on the third floor, too. If you want to, I'll show you what's up." Defendant conducted the detectives to the third floor, where a television was playing and a stereo was connected to an electrical outlet. In addition, a No. 12 gauge housewire was connected to an outlet by means of a "male" type plug. The outside and inside wires were removed and seized as evidence.

In addition, on January 12, 1983, an electric company inspector observed at the address in question an electric light, an electric refrigerator, a radio, a television, and a lamp, all operating with electricity. He also noticed a jumper wire to an electrical service at an adjacent address. The electric company inspector observed that the electric meter and electrical service wires to 4127 Westminster had been removed and none of the electricity going into that residence was being measured. The Union Electric Company had removed illegal electrical connections to that address at least 23 times prior to the date of the detectives' visit. Estimated cost of electrical services since June 4, 1981, the date of disconnection, has been $1,218.00.

It was further stipulated that the electric company had terminated service at the address on June 4, 1981, because of non-payment of electric bills, that the service had never been reconnected, and no one had permission to reconnect electric service.

The parties stipulated to defendant's previous convictions. Based on these facts defendant was convicted of tampering in the second degree as a prior and persistent offender.

Appellant has urged this court to transfer this cause to the Supreme Court of Missouri under Supreme Court Rule 83.06, alleging that the constitutionality of Paragraph 2 of Section 569.090 RSMo. Supp. 1983, is in question. In relevant part this section provides:

1. A person commits the crime of tampering in the second degree if he:

        .        .        .        .        .

(3) Tampers with, or causes to be tampered with, any meter or other property of an electric, gas, steam or water utility, the effect of which tampering is either:

    (a) To prevent the proper measuring of electric, gas, steam or water service; or

    (b) To permit the diversion of any electric, gas, steam or water service.

2. In any prosecution under subdivision (3) of subsection 1, proof that a meter or any other property of a utility has been tampered with, and the person or persons accused received the use or direct benefit of the electric, ... service, with one or more of the effects described in subdivision (3) of subsection 1, shall be sufficient to support an inference which the trial court may submit to the trier of fact, from which the trier of fact may conclude that there has been a violation of such subdivision by the person or persons who use or receive the direct benefit of the electric ... service.

        .        .        .        .        .

Defendant objects to the words of section two which permit evidence to be considered that reception of "the use or direct benefit" of electric services shall be sufficient to support an inference of a violation of the statute prohibiting tampering with a utility meter.

■■■ Defendant has failed to preserve any constitutional argument. To properly raise a constitutional issue, a party must (1) raise the constitutional issue at the first available opportunity, (2) specifically designate the constitutional provision claimed to have been violated by express reference to the article and section of the constitution or by quoting the provision itself, (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review. *City of Eureka v. Litz*, 658 S.W.2d 519, 521 (Mo.App.1983). Defendant made a due process "void for

vagueness" attack on the information before the trial court. However she has failed to designate which provisions of the constitution the statute violates. Further, defendant's attack is only against § 569.090.2 which speaks to an evidentiary inference and not § 569.090.1 which defines the crime charged. The statute under subsection .1 fairly advised defendant of the alleged criminal act. The attack on subsection .2 does not concern the definition of the crime as described in subsection .1. Consequently the void for vagueness argument is inappropriate. *See State v. McMillan,* 649 S.W.2d 467, 472–473 (Mo.App. 1983).

Generally, this court does not have jurisdiction on appeal when an appellant questions the validity of a state statute. Art. V, § 3, Mo. Const.1982. Here, appellant has failed to preserve the constitutional issue and the issue is merely a colorable argument. It is not necessary to transfer this case to the Supreme Court because there is no real constitutional question on appeal. *See State v. Charity,* 637 S.W.2d 319, 321 (Mo.App.1982). Appellant's motion to transfer is denied.

Appellant's second complaint is that the stipulated evidence is not sufficient to support the finding of guilt, and that the evidence of a wire running from the property next door to appellant's property does not constitute substantial evidence of her guilt. However, we note that appellant was the record owner of the building in question, was living there, and both using and receiving a direct benefit from the tampering. There was further evidence that Union Electric Company had removed illegal electrical connections from appellant's property at least 23 times prior to the case at bar.

Review in this case is limited to a consideration of all of the direct and circumstantial evidence in the record tending to prove the defendant's guilt, finding all reasonable inferences therefrom in favor of the prosecution. *State v. Mayes,* 654 S.W.2d 926, 928 (Mo.App.1983). All evidence to the contrary and inferences therefrom will be disregarded. *State v. Cain,*

507 S.W.2d 437, 438 (Mo.App.1974). While the facts and circumstances must contradict and exclude every reasonable hypothesis of innocence, they need not be absolutely conclusive of guilt or demonstrate the impossibility of innocence. *State v. Means,* 628 S.W.2d 426, 428 (Mo.App.1982). The reviewing court must determine whether there is substantial evidence from which reasonable persons could have found the accused guilty. *State v. Harris,* 602 S.W.2d 840, 842 (Mo.App.1980). In the case at bar, appellant argues that the state had no direct evidence that appellant made the illegal hook-up which ran from the neighbor's residence to her apartment building. However, subsection .2 of § 569.090, RSMo. Supp.1983, provides an evidentiary inference that a person who receives a benefit from the electric service has violated the tampering statute.

An inference is a logical and reasonable conclusion of a fact not presented by direct evidence but which by the process of logic and reason, a trier of fact may conclude exists from the established facts. *Smith v. Seven-Eleven, Inc.,* 430 S.W.2d 764, 769 (Mo.App.1968). Although an inference only satisfies the parties' burden of producing evidence with regard to a particular fact, the trier of fact may accept existence of the assumed fact. *City of Kansas City v. Ehinger,* 607 S.W.2d 845, 847 (Mo. App.1980).

We find that taking into consideration the stipulated facts and inferences which the trial court found to be true, that appellant's conviction was supported by the evidence. We affirm.

KAROHL, P.J., and CAMPBELL, Sp.J., concur.