STATE of Missouri,
Plaintiff-Respondent,

v.

Charles ROSS, Defendant-Appellant.

No. 48010.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 7, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer
Denied Aug. 7, 1985.

---

Henry Cummings, St. Charles, for defendant-appellant.

Leo N. Griffard, George A. Peach, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

Charles Ross appeals from a judgment after a bench trial convicting him of tampering in the second degree, § 569.090 RSMo.Cum.Supp. (1984). The court imposed a 30-day suspended sentence, placed appellant on probation for two years, and as a condition of probation ordered restitution of the cost of the electricity used as a result of the tampering. The judgment is affirmed.

Appellant lived at 4127 Westminster in St. Louis. He was permitted to stay there without paying rent. The building belonged to Mary Hyde. *See State v. Hyde,* 682 S.W.2d 103 (Mo.App.1984).

No one in the house had purchased electric power since the Union Electric Company disconnected service on June 4, 1981 for non-payment of electric bills. On January 12, 1983, two police officers noticed electric lights in the house. They knew that the electricity was supposed to have been disconnected. The officers drove into the alley at the rear of the property and saw that a wire ran into appellant's residence from the electric lines which supplied a neighboring house. The wire was connected to the neighbor's service entrance wires ahead of their meter.

The police officers then drove around to the front of the house, alighted from their vehicle, went to the front door and knocked. Appellant answered the door. One of the officers then read appellant his *Miranda* rights and questioned him about the illegal connection. Appellant admitted it was his practice to connect the wires each night when darkness fell and disconnect them in the morning.

Appellant's brief is not a model of clarity, but in it he argues at length that the statute under which appellant was convicted is unconstitutional. Therefore, he asserts that the appeal should be transferred to the Missouri Supreme Court. The same arguments were made in *State v. Hyde, supra,* in which this court held that the constitutional question was not preserved for appellate review in the trial court. The reasoning in *State v. Hyde* is also applicable in the case under review and it would serve no purpose to repeat it here. Appellant's constitutional point is denied because appellant failed to preserve the issue.

Appellant's other points relate to the credibility of witnesses. Appellant and a friend testified that the police forcibly entered the house and did not give appellant his *Miranda* rights; and further that appellant did not admit to connecting and disconnecting the wires.

The police officers testified that they knocked on the door, were admitted, gave the *Miranda* warnings, and were told by appellant that he did, indeed, tamper with the wires.

The trial judge heard the evidence, observed the witnesses and found for the state. It is axiomatic that a court of appeals defers to a trial judge's assessment of the credibility of witnesses in an appeal from a judgment in a court-tried case. *State v. Giffin,* 640 S.W.2d 128, 130–31[3–5] (Mo.1982); *State v. Armistead,* 655 S.W.2d 852, 853[1–3] (Mo.App.1983).

The judgment is affirmed.

SMITH, P.J., and SATZ, JJ., concur.