STATE of Missouri, Respondent,

v.

William TURNBOUGH, Appellant.

No. 63726.

Missouri Court of Appeals, Eastern District, Division One.

May 10, 1994.

Robert E. Steele, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for stealing over $150 by deceit, in violation of § 570.-030, RSMo 1986. We reverse and remand for new trial.

On or about October 19, 1991, Lois Lucious and her husband saw an advertisement in the newspaper for AAA Restoration. They contacted Defendant, the proprietor of that business, for an estimate on replacing the gutters and downspouts on their house. After Defendant gave them an estimate, Lucious later hired him a few days later to do the work for approximately $1980. At that time, Lucious gave Defendant a down payment check for $1000. The balance of the contract payment was to be paid upon completion of the work. Defendant stated he would begin the work the following Monday and finish by the end of October.

After a few weeks, Defendant still had not appeared to do the work. Lucious tried to call his business but was told the phone had been disconnected. Lucious checked with her bank and learned the check had been cashed. On November 14, 1991, Lucious went to the police station to file a complaint against Defendant. A warrant was issued for Defendant's arrest. Defendant was arrested on December 16, 1991, for stealing by deceit.

At trial, Defendant claimed he was delayed in starting the work because he went on vacation to California. While in California, he was in an automobile accident. Though he received only minor injuries, he could not get back to St. Louis until a few days before his arrest. He stated he could not pay the $1000 back to Lucious but had offered to do the work. Lucious refused the offer of work because she had already hired someone else to do it. After trial, the jury convicted Defendant of stealing over $150 by deceit.

■ On appeal, we find Defendant's first point dispositive. In that point, Defendant challenges the trial court's submission to the jury of Instruction No. 5, the verdict director, because it excluded essential elements of the charge of stealing by deceit as required by the Missouri Approved Instructions. The State concedes the instruction is error.

Defendant failed to preserve his point of error for appellate review and our review is only for plain error. *State v. Root*, 820 S.W.2d 682, 688 (Mo.App.1991).

■ The Rules of Criminal Procedure provide: "Whenever there is an MAI–CR instruction or verdict form applicable under the law and *Notes on Use*, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c) (emphasis added). In addition, Rule 28.02 further establishes that "[t]he giving or failure to give an instruction or verdict form in violation of this rule *or any applicable Notes on Use* shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(f) (emphasis added); *See also, State v. Lee*, 859 S.W.2d 768, 771 (Mo.App.1993); *State v. Oliver*, 720 S.W.2d 45, 46 (Mo.App.1986). Whenever the given instruction violates the Notes on Use, the error is presumptively prejudicial unless clearly demonstrated otherwise. *State v. Boyd*, 844 S.W.2d 524, 527[5] (Mo.App.1992).

Instruction No. 5 provided:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about October 25, 1991, in the City of St. Louis, State of Missouri, the defendant obtained or retained possession of one thousand dollars, property in the possession of Lois Lucious, and

Second, that defendant did so by representing to Lois Lucious that he would make repairs to her home, and

Third, that defendant obtained or retained such property for the purpose of withholding it from the owner permanently, and

Fourth, that the property so obtained or retained had a value of at least one hundred fifty dollars,

then you will find the defendant guilty of stealing by means of deceit.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of stealing by means of deceit, you will return a verdict finding him guilty of stealing by means of deceit.

The above instruction is clearly in error. MAI–CR3d 324.02.2 establishes the approved instruction to be given for a stealing by deceit charge. The approved instruction clearly provides the second paragraph should include in "separate numbered paragraphs all of the essential elements of deceit or coercion." The instruction then refers the reader to Notes on Use 7, which provides an example of the proper instruction. That instruction includes, *inter alia*, the requirement that the jury find the defendant made false statements to obtain money and the defendant knew the statements were false. MAI–CR3d 324.02.2 Notes on Use 7.

The submitted instruction omitted such required findings. Therefore, the jury could have found Defendant guilty without finding the essential element of deceit. In essence, the given instructions provided Defendant could be convicted of "breach of contract," which is generally not a crime in Missouri.

Further, it is not harmless error. The trial court refused Defendant's proffer of a converse instruction, which would have provided the jury must find Defendant not guilty if they had a reasonable doubt about "whether the defendant took one thousand dollars for the purpose of depriving the owner of services promised...." Instead, the trial court included the State's converse instruction, which simply stated the jury must find Defendant not guilty if they had a reasonable

doubt about whether Defendant took the money "for the purpose of withholding it from the owner permanently...."

We find there is plain error clearly establishing a misdirection of the jury causing manifest injustice or miscarriage of justice. Therefore, we reverse Defendant's conviction and remand his case for a new trial.

■ We summarily address Defendant's second point challenging the sufficiency of the evidence to convict him. Defendant contends the evidence failed to establish he intended to steal the $1000 with deceit. Defendant's state of mind may be proven by circumstantial evidence. *State v. Leu*, 813 S.W.2d 922, 925[5] (Mo.App.1991). The evidence at trial showed Defendant cashed the $1000 check three days after obtaining it from Lucious. He promised Lucious he would start work on the following Monday and finish work by the end of October 1991. Defendant had his business phone disconnected. He then left the State in early November and did not return until December. He admitted spending the $1000 to buy a car for himself. While out of state, Defendant made no attempt to call or contact Lucious. If the jury had been required to find deceit as required by the approved instructions, such evidence would be sufficient to show Defendant stole Lucious's money with deceit. Point denied.

Reversed and remanded for new trial.

CRANDALL, P.J., and REINHARD, J., concur.