STATE of Missouri, Respondent,

v.

Omar DOOLITTLE, Appellant.

Omar DOOLITTLE, Appellant,

v.

STATE of Missouri, Respondent.

No. 77257.

Supreme Court of Missouri,
En Banc.

Feb. 21, 1995.

Lyle Gregory, Harrisonville, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

PRICE, Judge.

This is an appeal from a decision of the Circuit Court of Greene County where a jury convicted the appellant of two counts of first degree robbery, one count of armed criminal action, and one count of attempted first degree robbery. The convictions arise from three separate incidents. Appellant raises only an instructional issue regarding his conviction of the one count of attempted first degree robbery. Because we find that the

instruction given constituted plain error, we reverse and remand for a new trial on this conviction. The other convictions are affirmed.

## I.

Appellant was identified as the man who during the early morning of October 16, 1991, entered a Fast–N–Friendly convenience store in Springfield. While threatening the clerk with a broken bottle, the man took over $100. Appellant was also identified as the man who later the same day robbed a Brown Derby liquor store in Springfield. During this robbery, the man held the clerk at knife-point.

This appeal concerns a third incident. Appellant also was identified as the man who during the early morning of October 17, 1991, entered another Fast–N–Friendly convenience store in Springfield. Richard Smith, the Fast–N–Friendly clerk on duty at the time of the incident, testified that appellant put "something" in his back and threatened to kill him. In addition to Smith's testimony, appellant's statement was admitted into evidence, as was a videotape of the incident. In his statement, appellant indicated that he had possessed a Coke bottle during the incident.

Appellant's counsel pointedly questioned Smith as to whether appellant had displayed any weapon, dangerous instrument, or other item. Smith admitted that he never saw a weapon, that appellant never stated he had a weapon, and that ultimately Smith came to believe he was being poked in the back with a finger. Smith then turned and confronted appellant, who fled.

Further, appellant's counsel repeatedly challenged the voluntariness of appellant's written statement, suggesting that appellant had confessed to get help with a cocaine addiction. Appellant's counsel argued that the videotape of the incident did not square with the statement, particularly because the videotape did not show a bottle.

## II.

■ On transfer here, appellant filed a substitute brief raising only one issue, the instruction as to attempted first degree robbery.[1] The pertinent language of the challenged instruction reads:

As to Count IV, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 17th day of October, 1991, in the County of Greene, State of Missouri, the defendant went into the Fast and Friendly Store located at or near 427 S. Glenstone, Springfield, Missouri, and went behind the store clerk while the defendant was pressing something into the store clerk's back while the defendant was saying to the clerk, "Go to the register and get all the money ... I'll kill you", and

Second, that such conduct was a substantial step toward the commission of the offense of robbery of the Fast and Friendly Store located at or near 427 S. Glenstone, Springfield, Missouri, and

Third, that defendant engaged in such conduct for the purpose of committing such robbery in the first degree,

then you will find the defendant guilty under Count IV of an attempt to commit robbery in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of robbery in the first degree when he takes property owned by another and withholds it from the owner permanently, uses physical force or threatens the immediate use of physical force against the owner or another so as to force the owner or another to deliver up the property, in the course of the taking of the property causes serious physical injury or was armed with a deadly weapon or dangerous instrument.

---

1. Rule 83.08 provides, in part, that "any material included in the brief filed in the court of appeals that is not included in the substitute brief shall be deemed abandoned".

Appellant claims that the definition of robbery in the first degree contained in the optional paragraph[2] of the instruction was incorrect and at variance with the elements of that offense as described in § 569.020, RSMo 1986[3]. The statute provides that a person commits the crime of robbery in the first degree:

> when he forcibly steals property and in the course thereof he, ... (1) [c]auses serious physical injury to any person; or (2) [i]s armed with a deadly weapon; or (3) [u]ses or threatens the immediate use of a dangerous instrument against any person; or (4) [d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

*See also MAI–CR 3d 323.02.*

There is no doubt that the instruction was defective. As submitted, the instruction allowed for a finding of the object offense of first degree robbery under three situations. The first and second situations could properly constitute first degree robbery if the appellant "caused serious injury" or "was armed with a deadly weapon". The record below, however, does not support such a finding. The third situation allowed the jury to find first degree robbery if the appellant "was armed with a ... dangerous instrument." The instruction failed, though, to define dangerous instrument[4] and it failed to require that the appellant used or threatened the use of the dangerous instrument in the commission of the offense.[5]

### III.

■ Appellant, however, did not object to this instruction at trial and concedes that our review is limited to plain error. In *State v. Nolan*, 872 S.W.2d 99, 103 (Mo. banc 1994), we recently discussed the standard for plain error review of instructional error as follows:

"For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice." *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991). "Manifest injustice or miscarriage of justice" is not an easy phrase to define. "Indeed the cases give the distinct impression that 'plain error' is a concept appellate courts find impossible to define, save they know it when they see it." 3A Charles Alan Wright, *Federal Practice and Procedure*, § 856 (1982). "[W]hether an appellate court should take notice of an error not raised below must be made on the facts of the particular case, and there are no 'hard and fast classifications in either the application of the principle or the use of a descriptive title.'" *Id.; accord Cline*, 808 S.W.2d at 824 ("The determination whether plain error exists must be based on a consideration of the facts and circumstances of each case."). In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict.

While appellant's confession that he had placed a Coke bottle against the clerk's back, as well as Richard Smith's testimony that appellant said, "I want the money out of the register or I'll kill you" and "No, I really mean it, I'll kill you if you don't give me all your money" certainly made a submissible case, the evidence and inferences from it were contested. Appellant's counsel argued to the jury that the confession was not voluntary and that the videotape of the incident did not show the bottle or its use as a dangerous instrument. The instruction, as given, did not merely allow a wrong word or some other ambiguity to exist, it excused the state from its burden of proof on this con-

---

2. MAI–CR 3d 304.06(4) provides that if the object crime is not submitted, an optional paragraph defining the object crime must be given in an attempt instruction.

3. All statutory citations are to RSMo 1986.

4. A "dangerous instrument" is defined in § 556.061(9) and in MAI–CR 3d 323.02 as "any

instrument, article or substance which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury."

5. The instruction is also ambiguous as to whether certain of its elements are submitted in the conjunctive or the disjunctive.

tested element of the crime. "A verdict-directing instruction must contain each element of the offense charged and must require the jury to find every fact necessary to constitute essential elements of offense charged." *State v. Ward,* 745 S.W.2d 666, 670 (Mo. banc 1988).

■ In this case, we need not determine whether the failure to include a contested element of a crime in an instruction will always result in plain error.[6] This failure, combined with the fact that in the first paragraph of the instruction the jury was required to find only that "the defendant was pressing *something* into the store clerk's back", perhaps even appellant's finger, clearly allowed the jury to return a verdict without a finding that the Coke bottle meets the statutory definition of a dangerous instrument or that appellant used the Coke bottle or threatened the use of the Coke bottle as a dangerous instrument and, as such, constituted a manifest injustice and a miscarriage of justice.[7]

■ The State has argued that plain error should not be found because the two instructions given for first degree robbery properly stated all of the elements of the crime and that reading the instructions together as a whole cures any defect in this instruction. We disagree. Those instructions were given regarding separate and different charges. We cannot assume that the jury would transfer the element of use of a dangerous instrument from those first degree robbery charges to this attempt charge. The State also has argued that plain error should not be found because appellant's principal defense was misidentification. While this may be so, it simply cannot cure such a significant error that totally excused the State from its burden of proof as to a contested element of a crime.

## IV.

Appellant's conviction of attempted first degree robbery is reversed and remanded for

a new trial. Appellant's two convictions of first degree robbery and appellant's conviction of armed criminal action are affirmed. The appeal of the denial of appellant's postconviction motion is also dismissed.

All concur.

---

6. When the point is properly preserved below, the standard of review for omitting an element of the offense in an instruction is whether "the Court can declare its belief that it was harmless beyond a reasonable doubt." *State v. Ervin,* 848 S.W.2d 476, 484 (Mo. banc 1993).

7. For a similar analysis of instructions omitting elements of a crime, see *State v. Brokus,* 858 S.W.2d 298, 303 (Mo.App.E.D.1993); *State v. Turnbough,* 876 S.W.2d 19 (Mo.App.E.D.1994).