**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kim D. MORGAN, Defendant–Appellant.**

**No. 25453.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 26, 2003.

Nancy A. McKerrow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglass, Office of the Attorney General, Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

A jury found Kim David Morgan ("Defendant") guilty of two counts of selling a controlled substance (methamphetamine) in violation of section 195.211.[1] He was sentenced as a prior and persistent offender. *See* § 558.016.3. Defendant urges reversal because he claims there was insufficient evidence to support the jury's verdict and the trial court erred by sentencing him as a prior and persistent offender. We reverse in part; we affirm in part.

This court accepts as true all evidence favorable to the State, including all favorable inferences that may be drawn from the evidence while disregarding all evidence and inferences to the contrary. *State v. Withrow,* 8 S.W.3d 75, 77 (Mo.banc 1999). "An inference is a logical and reasonable conclusion of a fact not presented by direct evidence but which by the process of logic and reason, a trier of fact may conclude exists from the established facts." *State v. Hyde,* 682 S.W.2d 103, 106[8] (Mo. App.1984). Although an inference only satisfies a party's burden of producing evidence with regard to a particular fact, a trier of fact may accept the existence of the assumed fact. *Id.* at 106[9].

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

On April 24, 2002, the State filed an information charging the Defendant with two counts of selling a controlled substance. This information was later amended to allege that Defendant was a prior and persistent offender ("Case 1").

Another information was filed on August 14, 2002. It charged Defendant with two additional counts of selling controlled substances, but did not allege his prior and persistent offender status ("Case 2"). The two cases were "consolidated" for trial which was held on January 19, 2003.

When the jury could not reach a unanimous verdict in Case 1, a mistrial was declared. However, the jury convicted Defendant on both counts in Case 2. The following are facts that relate solely to Case 2.

On January 17, 2002, Defendant told Michael Bane ("Bane") that he could get Bane a gram of methamphetamine for $100. Bane, a paid informant, answered that he had to get the money from a friend and would return later. Bane then contacted officer Mark McClendon ("McClendon") and told him he could make a buy. After McClendon agreed to this, he searched Bane's car, "set [Bane] up with a recorder," and gave him $100 to make the buy. As planned, Bane went back to Defendant's house and picked him up. After giving Defendant the money, they drove to "some apartments" on "South Main." Defendant then got out of the car and told Bane to "circle the block" (which he did). By the time he circled the block, Defendant had gone inside, exited the apartment, and was walking on the sidewalk. Bane stopped, Defendant got in the car, and Defendant handed him a gram of methamphetamine. All the while, Bane was under surveillance by drug task force

officers. However, the recording device worn by Bane did not work on this occasion. After Bane returned Defendant to his home, he went directly to McClendon's office and gave the task force personnel the drugs he purchased from Defendant.[2]

Approximately one week later, Bane arranged to make another drug buy from Defendant. The same initial procedure was followed by task force personnel, i.e., Bane and his vehicle were searched, he was given a recorder and fitted with a device whereby officers could listen to the conversations between Bane and Defendant, and Bane was given drug purchase money. Bane then picked up Defendant, gave him $100, and dropped him off at the same apartment. As before, Bane was told to circle the block, but on this occasion, he had to go around the block more than once because Defendant was in the apartment "14, 15 minutes." When Defendant finally exited the apartment, he gave Bane the purchased methamphetamine. As he took Defendant home, Bane gave Defendant some of the methamphetamine. He delivered the remainder to task force employees. On this occasion, the conversations between Defendant and Bane were discernable to task force workers. For instance, they heard Bane ask Defendant if his source at the apartment would sell an "eight ball all at once," i.e., one-eighth of an ounce of methamphetamine. Defendant's response "indicated that they weren't willing to sell an eight ball ... all at one time but they would sell grams at a time." Moreover, when Defendant got in Bane's car with the drugs, he stated that the person inside the apartment produced two packages and "he picked the fattest one or the biggest one."[3]

Although the information filed in Case 2 charged Defendant as a principal offender,

---

**2.** These facts relate to Count III of Case 2.

**3.** The facts in this paragraph relate to Count IV of Case 2.

the jury instructions inexplicably hypothesized Defendant acted as an accomplice.[4] Moreover, the Case 2 information did not allege Defendant's prior and persistent offender status, yet the trial court sentenced him as such. These discrepancies undergird Defendant's claim of entitlement to a new trial.

## Point I: Sufficiency of the Evidence to Support Verdict Directors

■ In Point I, Defendant maintains there was insufficient evidence from which the jury could find the offenses were committed as hypothesized in the two verdict-directing instructions, i.e., that "persons unknown sold methamphetamine," and that Defendant "acted together with or aided" such other persons in committing that offense.[5] Specifically, Defendant argues that "the State produced no evidence as to the identity or mental state of the 'persons unknown' and therefore the jury had no basis to find that element of the offense beyond a reasonable doubt."

"The standard of appellate review of a claim of insufficient evidence to support conviction is whether there was sufficient evidence from which a jury might have found the defendant guilty beyond a reasonable doubt." *State v. Parnell*, 21 S.W.3d 896, 899 (Mo.App.2000).

We first examine evidence that supports Defendant's conviction of the Count IV charge, i.e., the second buy in Case 2 where the recorded conversations between Defendant and Bane were presented to the jury. Contrary to Defendant's assertions, his own admissions provided evidence from which a trier of fact could reasonably infer that "unknown persons" existed, that such persons were acting with Defendant to sell this substance, and those unknown persons knew the substance was methamphetamine. For instance, the jury, via the recording, heard Defendant discuss with Bane his source for methamphetamine, the source's refusal to sell an "eight ball," and how the source produced two bags of drugs from which Defendant could choose. From this, the jury was entitled to believe that "persons unknown" existed.

Defendant's conversations with Bane, coupled with McClendon's testimony, also provided a basis by which the jury could reasonably and logically conclude that these unknown persons knew the substance being sold was methamphetamine. Defendant had conversations with Bane about his "source" for the drugs. Officer McClendon explained to the jury that the term "eight ball" was a frequently used reference to illicit drugs, i.e., 3.5 grams (one-eighth ounce) of methamphetamine or crack cocaine. Consequently, it was reasonable for the jury to infer that Defendant's statement to Bane that his source would sell only grams and not an "eight ball" was an obvious reference to selling drugs. The jury also heard Defendant say that his "source" offered him a choice of two bags of methamphetamine, and Defendant chose the larger bag containing the drug. Once the jury concluded that a source existed (as it was entitled to do on this evidence), it was equally logical and reasonable for the jury to infer that he or she (the source) knew "that the substance sold was methamphetamine."[6]

---

4. Missouri law no longer makes a distinction between principals and accessories. All persons who act in concert are equally guilty. *State v. Booyer*, 87 S.W.3d 926, 929[1] (Mo.App.2002). Likewise, a court does not err by instructing a jury on a theory of accomplice liability even though the accused was charged as a principal. *State v. Maxon*, 5 S.W.3d 613,

616[5] (Mo.App.1999). Defendant does not argue otherwise.

5. The instructions for Count III and Count IV are identical except for the dates of each sale and the designation of each count.

6. Defendant argues that "it is as reasonable to infer that [Defendant] kept his stash of meth-

In sum, the evidence relevant to Count IV was sufficient for the jury to find, beyond a reasonable doubt, that "persons unknown sold methamphetamine" to Bane, that "such other persons knew that the substance they sold was methamphetamine," and that Defendant "acted together with or aided such other persons in committing that offense." To the extent that it challenges Defendant's conviction and sentence on Count IV, his first point is denied.

■ As to Count III (the first sale in Case 2 where the recording device failed), Defendant's claim is meritorious. This incident occurred one week before the second sale (Count IV), and the State produced *no evidence* that "unknown persons" were involved in that transaction. Since there was no evidence to support one of the elements that the State chose to hypothesize, i.e., Defendant acted with "other persons" who "knew that the substance sold was methamphetamine," the judgment of conviction and sentence on the Count III charge is reversed.[7]

### Point II: Prior and Persistent Offender Status—Plain Error Review

■ In his second point, Defendant alleges the trial court committed plain error when it sentenced him as a "prior and persistent offender" because the information in Case 2 did not charge him as such. Defendant candidly admits our review is limited to plain error because he did not object to the trial court's finding that he was a prior and persistent offender, nor did he include this alleged error in his motion for new trial. We find no plain error.

Although appellate courts recognize that the phrase "manifest injustice or miscarriage of justice" is not easily defined, they " 'know [plain error] when they see it.' " *State v. Doolittle*, 896 S.W.2d 27, 29 (Mo. banc 1995) (quoting 3A Charles Alan Wright, *Federal Practice and Procedure*, § 856 (1982)). In the final analysis, a decision "whether plain error exists must be based on consideration of the facts and circumstances of each case." *State v. Cline*, 808 S.W.2d 822, 824[5] (Mo.banc 1991).

Here, the State concedes that the error regarding Defendant's Point II claim is an obvious one, i.e., Defendant's status as a prior and persistent offender was not charged, yet he was sentenced as if it had been charged.[8] Even so, the State argues reversal is not mandated because neither a manifest injustice nor a miscarriage of justice resulted from the error. We agree.

As earlier recounted, Cases 1 and 2 were consolidated for trial. In Case 1, an amended information charged Defendant with two counts of selling a controlled substance (marijuana and methamphetamine). The information also alleged facts

---

amphetamine somewhere in that building as it is to infer that he met a supplier there." This ignores the evidence relevant to Count IV as recounted herein. Moreover, it ignores the fact that Defendant asked Bane for some of the "purchased" methamphetamine. Evidence that Defendant asked Bane for part of the methamphetamine Bane had just purchased made it unreasonable and illogical for the jury to conclude that Defendant had his own stash.

7. The possibility that the real issue here is one of unpreserved instructional error, and not a

sufficiency of the evidence question, has been ignored by the parties. *See, e.g., State v. Shockley*, 98 S.W.3d 885, 891–92 (Mo.App. 2003); *State v. Bradshaw*, 26 S.W.3d 461, 465–73 (Mo.App.2000); and *State v. Martin*, 971 S.W.2d 904, 907 (Mo.App.1998). As such, we refrain from discussing the possible viability of that argument.

8. Section 558.021.1(1) authorizes a prior or persistent finding *if* the information "pleads all essential facts warranting a finding that the defendant is a prior offender [or] persistent offender."

which, if proven, showed him to be a prior and persistent offender; consequently, Defendant was given timely notice that his status as a prior and persistent offender was an issue in this case. Before jury selection, the State presented evidence of two of Defendant's prior felony convictions. After the State proffered that evidence, defense counsel announced, "No objection, Judge." Thereon, the trial judge admitted the evidence and found "beyond a reasonable doubt that the Defendant is a prior/persistent offender."

Defendant argues "that the evidence of [Defendant's] prior convictions went solely to Case No. 1." The record, however, clearly refutes this argument. After proving Defendant's prior convictions, the court clarified that this case involved "four separate counts of selling." The trial judge continued as follows:

> "I have at least one matter that I want to bring up and that is: Ask whether there is any plea offer made in this case. And I don't always do that, and I do it in this case because there are four counts, they are substantial counts, I think *three of them are up to 30–year sentences* and the C [sale of marijuana in Case 1] . . . which is up to 20 years." (Emphasis supplied.)[9]

The judge further stated that, if there had been a plea offer, he wanted it on the record that Defendant refused the offer "with [Defendant] having full knowledge he's facing *110 years in the penitentiary.*" (Emphasis supplied.) The plea agreement would have dismissed Counts II and IV with a recommendation that Defendant serve two concurrent seven-year sentences on Counts I and III. After conferring with his lawyers, Defendant refused the offer on the record.

Based on what transpired here, this court cannot find that a manifest injustice or a miscarriage of justice resulted from the omission in the Case 2 information of an allegation of essential facts about Defendant's status as a prior and persistent offender. This follows because Defendant knew he was being charged as a prior and persistent offender. The information in Case 1 gave Defendant adequate notice in order to challenge the convictions at the hearing. He chose not to do so. The convictions were proven, and a finding was made by the court that he was a prior and persistent offender.[10] The court then made it abundantly clear that Defendant was being charged as a prior and persistent offender as to *all counts.* He had no objections. More than that, he conferred with his lawyers and told the judge he understood he was facing 110 years in prison, but wanted to proceed to trial. At the sentencing hearing, no objections were lodged against sentencing him as a prior and persistent offender. Likewise, on appeal, Defendant does not argue that he did not commit the crimes that underlie the prior/persistent status. He has made absolutely no argument as to what he would have done differently had the information charged him as a prior and persistent offender. *See, e.g., State v. Karr*, 968 S.W.2d 712, 719 (Mo.App.1998).

---

9. Count II of Case 1 and Counts III and IV of Case 2 involved selling methamphetamine, a class B felony under section 195.211 punishable by imprisonment for not less than five years or more than fifteen years. § 558.011.1(2) Count I of Case I involved selling marijuana, a class C felony under section 195.211 punishable by imprisonment for up to seven years. § 558.011.1(3). Under 558.016.7, sentences for class B felonies are enhanced to a maximum of thirty years' imprisonment and class C felonies are enhanced to a maximum of twenty years' imprisonment.

10. Although the proof of one conviction differed from that alleged in the information, Defendant does not argue this in relation to his claim of plain error.

Because the purposes of the statute have been fulfilled, we find Defendant has suffered no prejudice, let alone a manifest injustice or miscarriage of justice. The only failure to comply with section 558.021 is that the information did not plead the facts warranting a finding that Defendant is a prior and persistent offender. The proof of such status has already been adduced and accepted; the court has already found beyond a reasonable doubt that Defendant is a prior and persistent offender. "Reversal and remand would be a futile gesture, for defendant suffered no prejudice. The law does not compel the undertaking of a useless act for the lone aim of complying with a technical requirement." *State v. Barnett,* 628 S.W.2d 917, 920[4] (Mo.App.1982); *see also Karr,* 968 S.W.2d at 719. Point denied.[11]

The judgment of conviction and sentence as to Count III is reversed. The judgment of conviction and sentence as to Count IV is affirmed.

PARRISH, J., Concurs in Separate Opinion.

RAHMEYER, C.J.-P.J., Concurs.

JOHN E. PARRISH, Judge, concurring.

I concur. I write separately regarding the failure to allege in the information filed in the case the principal opinion identifies as "Case 2" that Kim D. Morgan (defendant) was a persistent offender. Defendant was apprised of the trial court's intention to try him as a persistent offender before trial commenced. Rule 24.04(b)(2)

provides, as pertinent here, "Defenses and objections based on defects ... in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense *may be raised only by motion before trial.*" (Emphasis added.) Defendant did not challenge the trial court's intention to try him as a persistent offender by motion before the trial commenced. For that reason he has no standing to raise the issue on appeal.

---

11. In so deciding, we have not ignored the plethora of caselaw on this subject cited by Defendant and other courts such as the western district in *State v. Kidd,* 75 S.W.3d 804 (Mo.App.2002) and *State v. Merrill,* 990 S.W.2d 166 (Mo.App.1999). Many cases hold that the appropriate remedy, in situations *similar* to this, is to reverse the sentence and remand the case to allow for an amendment of the information and a new hearing to prove prior or persistent offender status. That is not required here because all of the statutory requirements have been fulfilled, except for pleading the facts of prior convictions in the information. Here, the State on remand would only be required to amend the information. We believe justice is better served by not requiring this act "for the lone aim of complying with a technical requirement." *Barnett,* 628 S.W.2d at 920[4].