**STATE of Missouri, Respondent,**

**v.**

**Darius GUYTON, Appellant.**

**No. ED 83975.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 1, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 2005.

Deborah Daniels, Dora Fichter (co-counsel), Jefferson City, MO, for respondent.

Gwenda Robinson, St. Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Judge.

Darius Guyton appeals the judgment entered on his conviction for attempted escape from custody. We affirm.

## I. BACKGROUND

Guyton was arrested for murder and taken into police custody. An officer handcuffed Guyton to a table in an interview room at the police station. One of the cuffs was attached to an eyelet bolted onto the table, and the other was secured on Guyton's wrist. The officer left Guyton alone in the room on two different occasions, each time for about 15 minutes. After the officer came back in the room the second time, he noticed that Guyton had been tampering with the handcuffs, trying to get them off. At trial, the officer demonstrated that, with no instruments but his free hand, Guyton wedged a part of the cuff attached to the table into the eyelet and broke off two pieces. "If he broke off one more piece, he'd have been free." Guyton was found guilty of murder in the second degree, armed criminal action and attempt to escape from custody. He appeals only the judgment and sentence relating to the escape count.

## II. DISCUSSION

### A. Instructional Error

 A verdict-directing instruction must contain each element of the offense charged and must require the jury to find every fact necessary to constitute the essential elements of the offense. *State v. Doolittle*, 896 S.W.2d 27, 30 (Mo. banc 1995). The court in this case omitted the definition of the object crime in its verdict

director for attempt to escape from custody, as required by the relevant pattern instruction for attempt. *See* Missouri Approved Instruction–Criminal 3d 304.06, Notes on Use 4 ("If the attempt crime is submitted but the object crime is not submitted, the optional paragraph defining the object crime must be given, whether the definition is requested or not.") (9–1–99). Failure to give an applicable pattern instruction in accordance with the notes on use is error, but its prejudicial impact is to be judicially determined. *State v. Richardson*, 923 S.W.2d 301, 318 (Mo. banc 1996). In this case, because Guyton failed to properly preserve this error for appeal, we will only review for plain error. Instructional error seldom constitutes plain error. *State v. Thomas*, 75 S.W.3d 788, 791 (Mo.App. E.D.2002). Guyton must demonstrate that, by giving this instruction, the trial court "so misdirected or failed to instruct the jury that it is evident that the instructional error affected the jury's verdict." *State v. Baker*, 103 S.W.3d 711, 723 (Mo. banc 2003).

 Guyton argues that without a definition of escape from custody the instruction allowed the jury to convict him on fewer than the essential elements because it failed to include the requisite mental state. Because the statute defining this crime does not include a mental state,[1] the culpable mental state for escape from custody or attempted escape from custody is established if the defendant acted "purposely or knowingly." Section 562.021.3; *see also* MAI–CR3d 329.72 (pattern instruction for attempted escape from custody requires jury find defendant committed certain acts and "thereby knowingly" at-

---

1. "A person commits the crime of escape from custody or attempted escape from custody if, while being held in custody after arrest for any crime, he escapes or attempts to es-

cape from custody." Section 575.200.1 RSMo 2000. All statutory references are to RSMo 2000, unless otherwise noted.

tempted to escape and "did so (knowingly) (for the purpose of escaping).") (10–1–98); *see also* MAI–CR3d 329.72, Notes on Use 5.

The instruction given in this case required that the jury find Guyton guilty if the evidence showed that he, "while handcuffed to a table after arrest for murder, damaged the handcuffs," that this conduct was a substantial step toward committing the offense of escape from custody and that he "engaged in such conduct *for the purpose of* committing such escape from custody." (emphasis added). Although this instruction did not require a finding that Guyton acted knowingly, the jury was instructed that it had to find he acted purposely. This is sufficient to establish that the defendant acted knowingly: "[w]hen acting knowingly suffices to establish a culpable mental state, it is also established if a person acts purposely." Section 562.021.4; *see also State v. Carpenter*, 57 S.W.3d 405, 410 (Mo.App. S.D.2001) (purposely is higher mental element than lower mental element of knowingly). Thus, the instruction did contain all the essential elements, including the requisite mental state.

This case is unlike the cases relied on by Guyton, in each of which an essential element was missing from the instruction, lowering the State's burden of proof. In *Doolittle*, the court's instruction on attempted first-degree robbery failed to define the object crime, instructing the jury only that it must find that the defendant had pressed "something" into a store

clerk's back while threatening to kill him and that this was a substantial step toward robbery done with the purpose of committing robbery. 896 S.W.2d at 28. The jury was not instructed to find that the defendant had used or threatened to use a dangerous instrument, and the instruction did not include a definition of a "dangerous instrument," as required by the statute defining robbery and the applicable MAI. *Id.* at 29 (citing section 569.020 RSMo 1986 and MAI–CR3d 323.02). This constituted plain error because the jury could have found the defendant guilty without finding that he used a dangerous instrument. *Id.* at 30. In *State v. Farris*, the failure to define possession in the verdict director for attempt to manufacture methamphetamine, where possession was an essential element of the crime, was plain error. 125 S.W.3d 382, 392 (Mo.App. W.D.2004).

▇▇▇ Here, however, the failure to define the object crime was harmless because the instruction otherwise contained all the essential elements, including that Guyton acted with the requisite mental state—that is, for the purpose of attempting to escape. The jury could not logically find that Guyton was purposely trying to escape without concluding that he knowingly attempted to escape by damaging the handcuffs. *See State v. Bozarth*, 51 S.W.3d 179, 182 (Mo. App. W.D.2001) (failure to define "knowingly" in instruction on attempted escape from confinement[2] did not lower State's burden of proof because instruction also required finding that defendant acted with purpose of escaping). Thus, the instruc-

---

**2.** The crime of attempted escape from confinement has substantially the same elements as the crime of attempted escape from custody:

> A person commits the crime of escape or attempted escape from confinement if, while being held in confinement after arrest for any crime, while serving a sentence after conviction for any crime, or while at

an institutional treatment center operated by the department of corrections as a condition of probation or parole, he escapes or attempts to escape from confinement.

575.210. 1. There being no mental state in this statute, it too requires knowing or purposeful conduct. *See* section 562.021.4; *see also* MAI—CR3d 329.74.

tion contained the essential elements of the crime and did not lower the State's burden of proof.

Because the instruction did not misdirect or fail to instruct the jury such that the jury's verdict was affected, we find no plain error. Point denied.

## B. Sentencing Error

 After Guyton committed this crime but before he was sentenced, the maximum sentence for class D felonies, such as this attempt to escape from custody, was reduced from five to four years. *See* section 558.011.1(4) RSMo Supp.2004; *see also* section 575.200.2(2) (making crime a class D felony when person attempting to escape is under arrest for a felony). Guyton contends that, under section 1.160(2),[3] he was entitled to the benefit of this change in the law. But, under section 1.160(2), "a defendant will be sentenced according to the law in effect at the time the offense was committed unless a lesser punishment is required by a change in the law *creating* the offense itself." *State v. Johnson*, 150 S.W.3d 132, 138 (Mo.App. E.D.2004). Here, the change was not to the statute creating the crime of attempted escape from custody, section 575.200.1, but to the general sentencing statute. There was no error, therefore, plain or otherwise, in sentencing Guyton according to the range of punishment in effect at the time his offense. *See Prapotnik v. Crowe*, 55 S.W.3d 914, 918 (Mo.App. W.D.2001) ("if the range of sentence for [a certain] class

[of] felonies is reduced by the legislature in [section] 558.011 after the date an individual commits [a felony of that class], the offender is still subject to the higher range of punishment").

Point denied.

## III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, J. and NANNETTE A. BAKER, J. concurring.

---

**3.** "No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and
(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law."
Section 1.160.