**Michael R. REYNOLDS,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent–**
**Respondent.**

**No. 24722.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 7, 2002.

Mark A. Grothoff, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Michael Reynolds ("Movant") was charged by felony information with murder in the first degree, § 565.020,[1] and armed criminal action, § 571.015. The information was subsequently amended to charge Movant as a prior offender pursuant to §§ 558.016, 557.036, and 558.019, RSMo 1994. He was convicted by a jury on both counts and sentenced by the court to a term of life imprisonment without the possibility of probation or parole and a con-

secutive term of twenty years.[2] Movant filed a motion pursuant to 29.15,[3] contending that he was denied effective assistance of counsel in that his trial counsel failed to object to improper statements made by the prosecutor during closing arguments and failed to impeach a witness with a prior inconsistent statement. We affirm the motion court's denial of the motion.

In reviewing the denial of a Rule 29.15 motion, this court's review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The motion court's determinations are clearly erroneous only if, after a review of the entire record, the court is "left with the definite impression that a mistake has been made." *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000).

In order to prevail on a claim of ineffective assistance of counsel at trial, Movant must show: (1) that his counsel's performance did not conform to the degree of skill and diligence of a reasonably competent lawyer under similar circumstances; and (2) that his defense was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is presumed that trial counsel was competent. *Sanders*, 738 S.W.2d at 857. Therefore, Movant must show that there is a probability sufficient to undermine the confidence in the outcome that, but for counsel's unprofessional errors, the result would have been different. *Moss*, 10 S.W.3d at 511. Assistance of counsel is not ineffective if it is

---

**1.** All references to statutes are to RSMo 2000, unless otherwise indicated.

**2.** The conviction was affirmed on appeal. *See State v. Reynolds*, 997 S.W.2d 528 (Mo.App. S.D.1999).

**3.** All rule references are to Supreme Court Rules (2002), unless otherwise stated.

reasonable trial strategy. *State v. Shurn,* 866 S.W.2d 447, 468 (Mo. banc 1993). Movant must satisfy both the performance prong and the prejudice prong in order to prevail on a claim of ineffective assistance of counsel. *Sanders,* 738 S.W.2d at 857. Therefore, if Movant fails to satisfy one prong, this court need not consider the other prong. *Id.* A reviewing court need not consider the performance prong before the prejudice prong and may dispose of the claim on lack of sufficient prejudice alone. *Id.*

The facts necessary for the analysis of Movant's claims are set forth herein. On December 13, 1996, Movant resided with Carl Carden ("Carden") and Andrea Blerton ("Blerton") in Leeper, Missouri and helped with the bills, groceries, and work around the house. Movant was not employed. On the day Carden was murdered, he and Movant got into an argument, and subsequently a physical altercation, about work Movant was expected to have done around the house that day. Blerton testified that at one time she heard Carden say that he ought to kill Movant. When the fight ended, Movant went to his room and Carden went outside. After several minutes, Carden returned to the house and inquired whether Movant was okay or if he needed to go to the doctor or a hospital. Movant refused medical attention and Carden went back outside. Later, Movant claimed he heard a "click" which he suspected to be a clip being loaded in a rifle and then being chambered. Both Movant and Carden owned guns. Movant retrieved a Remco SKS 7.62 rifle from his bedroom and began looking for Carden. Carden came back into the house while Movant was standing in the doorway of another bedroom. Carden did not have a gun. Blerton, who was sitting on the couch in the living room, heard Movant say, "this is for you," and saw Movant shoot Carden. Carden sustained a single gunshot wound to his chest, fell to the floor, and died within seconds. At trial, Movant claimed that he shot Carden in self-defense.

 In his first point on appeal, Movant claims that he was denied effective assistance of counsel because his trial counsel failed to object to certain statements made by the prosecutor during closing arguments. Movant contends that these statements shifted the burden of proof from the state to him. During the state's closing argument, the prosecutor made the following statements:

> Back in the jury selection process, I made mention of the fact that the state has the burden of proof. That when the defendant comes into any court of law, he's presumed to be not guilty. And that's what the defendant Michael Reynolds was presumed to be this morning when we walked in. He was presumed to be not guilty. Well that presumption, after you listen to the evidence, heard the testimony, is ripped away at this point in time, okay?
>
> . . . .
>
> You never heard where he [Carl Carden] had done anything to people.
>
> . . . .
>
> There's no medical reports on severe injuries that the defendant supposedly sustained, because he didn't sustain any severe injuries. There were minor superficial injuries. If there were other medical records showing severe injuries they would be here today . . . You can't cry self-defense and have it be so just because you say it is. There have to be facts to back it up.

 Movant's trial counsel, Wade Schuster, testified that sometimes he is reluctant to object because it makes him look "like too much of a lawyer, and some-

times that turns off the jury." This is clearly trial strategy. Objections to isolated statements in an argument may serve to highlight a comment to the jury and thus not every failure to object to an argument constitutes ineffective assistance of counsel. *Hall,* 16 S.W.3d at 586. Alleged improper arguments must be considered in the context of the trial as a whole. *Id.* at 586.

The jury was instructed: "The defendant is presumed to be innocent, unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence placed upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty." Juries are presumed to know and follow the instructions of the court. *State v. Madison,* 997 S.W.2d 16, 21 (Mo. banc 1999). Movant's first point is denied.

In his second point on appeal, Movant contends that he was denied effective assistance of counsel because his trial counsel failed to impeach a witness, whose testimony was a significant basis for the state's case, with a prior inconsistent statement. Blerton was the only eyewitness to the shooting other than the movant. At trial Blerton testified that after the initial fight Carden went outside to "cool off," returned, and asked Movant if he was okay and whether he needed to go to the doctor or the hospital. She also testified that just prior to shooting Carden, Movant said, "this is for you." In a written statement Blerton gave to the police, of which Movant's counsel had a copy, Blerton failed to mention anything about Carden showing concern for Movant after the fight or Movant saying "this is for you," before shooting the victim.

Trial counsel testified that he did not recognize Blerton's testimony to be inconsistent from the written statement because the written statement was quite brief.

While Blerton's trial testimony was more detailed than the written statement, it was not inconsistent. Blerton's written statement consisted of one page containing less than 200 words. Trial counsel also testified that he limited his cross-examination of Blerton because she did not show a propensity of lying in that "she seemed to be as much of a victim in this mess as anyone, and she was crying through a great deal of her testimony, and it was difficult to ask her even the simplest questions." Blerton was extensively examined on the witness stand. Although Blerton was very emotional during her testimony and it was difficult to ask her even the simplest questions, Movant's trial counsel thoroughly cross-examined her. Likewise, the motion court found that "Ms. Blerton was emotional and most likely viewed in a sympathetic manner by the jury."

The decision whether or not to impeach a witness with a prior inconsistent statement is a matter of trial strategy and cannot be the basis for finding ineffective assistance of counsel. *Berry v. State,* 714 S.W.2d 676, 678 (Mo.App. E.D.1986). The motion court found that "counsel's alleged failure to impeach the witness could certainly fall into the category of trial strategy and most certainly does not rise to the level of ineffective assistance of counsel." We agree with the motion court.

Movant has failed to show a probability sufficient to undermine the confidence in the outcome that but for counsel's errors, the result would have been different. Movant's second point is denied.

The judgment of the motion court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.