**David MORGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 30140.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 25, 2010.

Mark A. Grothoff, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Karen L. Kramer, Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

David Morgan ("Movant") appeals the motion court's denial following an eviden-

tiary hearing of his postconviction motion filed pursuant to Rule 29.15.[1] In his sole point on appeal, Movant maintains he received ineffective assistance of counsel in that his trial counsel failed to establish that a confidential informant working for the Southeast Missouri Drug Task Force, Michael Bane ("Mr. Bane"), did not have his shoes, socks and bandana removed prior to his controller, Missouri Highway Patrol Sergeant Mark McClendon ("Sergeant McClendon"), sending Mr. Bane to purchase methamphetamine from Movant. Movant asserted that such evidence would have called into question the validity of Sergeant McClendon's trial testimony and would have provided additional evidence questioning the origin of the methamphetamine Mr. Bane turned over to the police. We affirm the judgment and findings of the motion court.

The record reveals Movant was charged via "Amended Information" on June 12, 2002, with one count of the class C felony of sale of a controlled substance, methamphetamine, a violation of section 195.211,[2] and one count of the class B felony of sale of a controlled substance, marijuana, also a violation of section 195.211("the first case"). Movant was also charged as a persistent misdemeanor offender under section 558.016.5. On August 14, 2002, Movant was then charged by separate "Information" with two counts of the class B felony of sale of a controlled substance, methamphetamine, a violation of section 195.211 ("the second case"). These cases were consolidated by agreement prior to trial.

A jury trial was held on January 13, 2003. Viewing the facts in the light most favorable to the jury's verdict as to the second case, *Coday v. State*, 179 S.W.3d 343, 347 (Mo.App.2005), the evidence reveals that on January 17, 2002, Mr. Bane provided information to Sergeant McClendon relating to his ability to buy methamphetamine from Movant. It was arranged that Mr. Bane would receive $40.00 for each successful drug purchase made on behalf of the authorities. Prior to Mr. Bane going to meet Movant, he met with Sergeant McClendon and Sergeant McClendon "searched Mr. Bane, . . . made him empty his pockets, checked his waistband, checked his socks, made him take his hat off" as well as "searched his vehicle, underneath the seats and in the glove box, over the visors, in the seats." Mr. Bane then picked up Movant at his home and the two rode together in Mr. Bane's vehicle to an apartment on South Main Street, in Kennett, Missouri. On the way over, Mr. Bane gave Movant $100.00. Upon arrival, Movant got out of the vehicle and went inside while Mr. Bane circled the block. Mr. Bane retrieved Movant and Movant then gave Mr. Bane a baggie, which was later found to contain .20 grams of methamphetamine. After Mr. Bane dropped Movant off at his house, Mr. Bane again made contact with Sergeant McClendon and he handed the baggie of methamphetamine over to Sergeant McClendon. Although Mr. Bane had a tape recorder with him during the transaction, it was later discovered that the tape recorder was not operating properly and it failed to record any portion of the foregoing transaction between Movant and Mr. Bane.

Thereafter, on January 24, 2002, Mr. Bane, again, contacted Sergeant McClendon and informed him that he could make another purchase from Movant. After searching Mr. Bane using the same procedure as during the previous search, Ser-

---

1. All rule references are to Missouri Court Rules (2009).

2. All statutory references are to RSMo 2000.

geant McClendon put a tape recorder on Mr. Bane as well as a wireless transmitter so that the transaction could be heard as it occurred. As before, Mr. Bane picked Movant up at his home; gave him $100.00; and drove him to the apartment on South Main Street. On the way over, Mr. Bane asked Movant if his dealer could get large quantities of methamphetamine and Movant indicated his supplier only dealt with grams. Mr. Bane then dropped Movant off. When he picked Movant back up a few minutes later, Movant gave Mr. Bane a baggie, which was found later to contain .12 grams of methamphetamine. Movant then explained to Mr. Bane that his dealer had offered him his choice of two different baggies and he had chosen the larger of the two bags. The two men returned to Movant's home. Subsequent to leaving Movant's residence, Mr. Bane then met up with Sergeant McClendon; gave him the baggie containing methamphetamine; and turned over the tape recorder and wireless transmitter. At trial, Sergeant McClendon testified he heard the entire transaction via the wireless transmitter and a tape recording of the transaction was played for the jury.

Movant did not testify at trial and offered no evidence or witnesses. At the close of the evidence, the jury found Movant guilty of both counts of selling methamphetamine as charged in the second case; however, the jury was unable to reach a verdict in relation to the first case such that the trial court declared a mistrial as to its two counts. On February 10, 2003, Movant was sentenced as a prior offender to two concurrent terms of ten years in the Missouri Department of Corrections.

Movant then appealed those convictions to this Court in *State v. Morgan*, 120 S.W.3d 795 (Mo.App.2003). This Court affirmed the conviction relating to the January 24, 2002, transaction, but reversed the conviction relating to the January 17, 2002, transaction. *Id.* at 799.

Following his direct appeal, Movant timely filed a *pro se* Rule 29.15 motion on January 20, 2004. Movant was then appointed counsel and an "Amended Motion to Vacate, Set Aside or Correct Sentence and Judgment" was filed on May 31, 2005. In his motion, Movant asserted ineffectiveness of trial counsel because his trial counsel, Susan Warren ("Ms. Warren"), "failed to establish that [Mr. Bane's] shoes, socks and bandana were not removed prior to him being sent to allegedly purchase methamphetamine [from M]ovant." Movant argued Sergeant McClendon testified at trial that Mr. Bane's person and vehicle were searched prior to Mr. Bane being dispatched to pick up Movant; however, trial counsel failed to establish that Sergeant McClendon[3] testified at the preliminary hearing that the shoes, socks and bandana of Mr. Bane *were not removed* during the search. Movant asserted this would have called into question the validity of Sergeant McClendon's testimony, and would have provided additional evidence questioning the origin of the methamphetamine Mr. Bane turned over to the police.

An evidentiary hearing was held on June 19, 2009. At the hearing an affidavit from Ms. Burke, who represented Movant at the preliminary hearing, was entered into evidence. Ms. Burke's affidavit stated:

---

**3.** While Movant's motion asserted that it was Sergeant McClendon who testified Mr. Bane's shoes, hat and clothing were not removed, this Court believes based on the testimony at the evidentiary hearing and statements in the parties' briefs that it was, in fact, Mr. Bane who had given the foregoing testimony. As such, this Court will refer to Mr. Bane as making those statements at Movant's preliminary hearing.

I have examined a copy of my notes [4] from [the August 13, 2002, preliminary hearing].... Testifying at the preliminary hearing was [Sergeant McClendon] and confidential [i]nformant (and alleged buyer) [Mr.] Bane. It was established at the evidentiary hearing regarding the January 24, 2002[, sale] that Mr. Bane met with members of the Drug Task Force and received money for buying drugs from Movant. Mr. Bane testified that during the search of his person prior to the alleged buy, the shoes, bandana and clothing [Mr.] Bane was wearing were not removed. (Similarly, on the January 17, 2002[,] sale, it was also established that the shoes, bandana and clothing were not removed.) I would have been willing and available to testify to the foregoing at Movant's jury trial.

Ms. Warren testified that she was aware that Movant's case file contained handwritten notes from Ms. Burke which Ms. Burke had made at the preliminary hearing, and that those notes indicated Mr. Bane had testified at the preliminary hearing that Sergeant McClendon had failed to remove his shoes, his bandana and other clothing when he searched him prior to the drug deal. She appears to have equivocated regarding whether it was trial strategy *not* to have established at trial that Mr. Bane's shoes, socks and bandana were not examined by Sergeant McClendon.

At the conclusion of the hearing the motion court took the matter under advisement. On September 15, 2009, the motion court entered its "Judgment" and "Findings of Fact and Conclusion of Law" denying Movant's request for Rule 29.15 postconviction relief. In its decision, the motion court stated that

[e]ven if [M]ovant's trial attorney had established that [Mr.] Bane was not fully

searched there is no reasonable probability that the outcome of the case against [M]ovant would have been different and [M]ovant was not prejudiced by such failure. The recorded conversations and independent witness testimony clearly counter Movant's claim that [Mr.] Bane secreted drugs on his person and made-up the January 24, 2002, purchase of methamphetamine from [M]ovant.

This appeal by Movant followed.

 Our review of the denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Williams v. State,* 168 S.W.3d 433, 439 (Mo. banc 2005). The motion court's findings and conclusions are clearly erroneous "only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *State v. Ervin,* 835 S.W.2d 905, 928 (Mo. banc 1992); *Marschke v. State,* 185 S.W.3d 295, 302 (Mo.App.2006). Additionally, "[c]redibility of [a] witness is a determination to be made by the motion court [and] [t]his Court must defer to the motion court's determination on matters of credibility." *Berry v. State,* 225 S.W.3d 457, 462 (Mo. App.2007) (internal citations omitted). "The findings of the motion court are presumptively valid." *Fry v. State,* 244 S.W.3d 284, 285 (Mo.App.2008).

In his sole point relied on, Movant maintains the motion court clearly erred in denying his Rule 29.15 motion "because a review of the record leaves a definite and firm impression that [Movant] was denied effective assistance of counsel...." Movant asserts Ms. Warren "failed to act as a reasonably competent attorney would un-

---

4. Ms. Burke's notes, which were attached to her affidavit at the evidentiary hearing, read:

"bandana—not removed ... shoes not removed ... no clothing removed...."

der the same or similar circumstances by failing to adduce evidence that [Mr.] Bane's shoes, socks, and bandana were not removed prior to [him] being sent to purchase methamphetamine" from Movant. He argues he

> was prejudiced by his counsel's failure to introduce such evidence in that it would have contradicted the testimony of ... [Sergeant McClendon], casting doubt on [Sergeant] McClendon's credibility, and would have supplied additional factual evidence to be considered by the jury regarding whether [Mr.] Bane could have had drugs hidden on him prior to the alleged buy from [Movant].

According to Movant, had this evidence been introduced, "a reasonable probability exists that the result of [Movant's] trial would have been different."

A movant bears the burden of proving, by a preponderance of the evidence, that he received ineffective assistance of counsel. Rule 29.15(i). To establish ineffective assistance of counsel, a movant must show that: "(1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney;" and (2) counsel's poor performance prejudiced the defense. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998); *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. "The reviewing court presumes that the trial attorney's conduct was reasonable and was not ineffective." *Clayton v. State,* 63 S.W.3d 201, 206 (Mo. banc 2001). The second prong of the *Strickland* test is met when a movant shows that his attorney's errors affected the judgment. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. A movant can prove that the judgment was

affected when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Movant must prove each portion of this two-pronged performance and prejudice test in order to prevail on his ineffective assistance of counsel claim. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). "A reviewing court need not consider the performance prong before the prejudice prong and may dispose of the claim on lack of sufficient prejudice alone." *Reynolds v. State,* 87 S.W.3d 381, 384 (Mo. App.2002).

Here, it is our view that even if the thoroughness of the search of Mr. Bane had been explored by Ms. Warren, it would not have adversely affected the jury's credibility determination of Sergeant McClendon's testimony because Mr. Bane's testimony at the preliminary hearing was not contradictory to that given by Sergeant McClendon at trial. At trial, Sergeant McClendon testified that he "searched Mr. Bane, ... made him empty his pockets, checked his waistband, checked his socks, [and] made him take his hat off." While Ms. Burke's notes indicate that Mr. Bane had testified at the preliminary hearing that Sergeant McClendon did not have him remove any clothing, his shoes, or his bandana, the two statements were not contradictory. Sergeant McClendon never claimed to have made Mr. Bane remove his clothing, shoes, or bandana.

Furthermore, "[t]o establish ineffective assistance for counsel's failure to impeach a witness, the movant must show that the impeachment of the witness would have provided the defendant a viable defense or otherwise changed the outcome of the trial." *Davidson v. State,* 308 S.W.3d 311, 317 (Mo.App.2010). Given the overwhelming evidence pointing to Movant's guilt, it

is difficult to discern how the outcome of the trial would have changed had trial counsel specifically impeached Sergeant McClendon regarding not checking Mr. Bane's clothing, shoes and bandana. Despite this ostensible failing, the tape recording of the entire transaction was presented to the jury, revealing in intimate detail Movant's part in the illegal transaction, first by illegally purchasing the methamphetamine from Movant's source, and then selling the methamphetamine to Mr. Bane. Mr. Bane testified to having received the illegal substance from Movant and Sergeant McClendon testified to receiving the illegal substance from Mr. Bane. "There was abundant evidence to convict Movant." *Dugan v. State*, 112 S.W.3d 126, 127 (Mo.App.2003). It is our view that Movant did not receive ineffective assistance of counsel. He simply has not met his burden of proving the outcome of his case would have been different and he cannot demonstrate prejudice. *Reynolds*, 87 S.W.3d at 384; *see Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Point denied.

The Judgment and Findings of Fact and Conclusions of Law of the motion court are affirmed.

LYNCH and BURRELL, JJ., Concur.