**Andrew ROBERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 94806.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 2011.

Timothy Joseph Forneris, MO Public Defenders Office, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Shaun Mackelprang, Daniel Neal McPherson, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

### Background and Procedural History

Appellant Andrew Roberson (Roberson) appeals from the denial by the City of St. Louis, the Honorable Margaret M. Neill presiding, of a motion to vacate judgment and sentence under Supreme Court Rule 29.15. Roberson sought to vacate his conviction for one count of first-degree murder, Section 565.020 [1], and one count of armed criminal action, Section 571.015, for which he was sentenced to life imprisonment with no possibility of parole.

Both charges against Roberson stem from the June 2004 murder of a sixteen-year old boy police found strangled to death, shoved inside a trash can on a vacant lot in St. Louis City. The police first learned of the murder and victim's location through tips from two anonymous callers—later identified as Roberson's sister, Shantella Rockette, and Roberson's brother, Carlos Crump—both implicating Roberson as the killer. Subsequent police investigations revealed substantial evidence of Roberson's guilt, including blood stains on his floor matching the victim's DNA, items at his house linking Roberson to the victim and the disposal of the victim's body, various statements Roberson made to the police, and his efforts to avoid arrest.

---

**1.** All statutory references are to RSMo 2000 unless otherwise indicated.

After a four-day trial, a jury convicted Roberson on 6 November 2006 of both first-degree murder and armed criminal action. Roberson was sentenced as a prior felony offender to concurrent terms of life without parole. Roberson appealed and, in a mandate issued on 17 January 2008, this Court affirmed his conviction and sentence pursuant to Rule 30.25(b). On 25 February 2008, Roberson filed a Rule 29.15 motion to Vacate, Set Aside or Correct the Judgment or Sentence. On 3 December 2008, appointed counsel filed an amended motion claiming ineffective assistance of trial counsel on three grounds. The amended motion alleged trial counsel ineffectively: (1) failed to investigate alleged leniency given to State witness Shantella Rockette in exchange for her testimony against Roberson, and failed to impeach Ms. Rockette about this alleged leniency; (2) failed to investigate alleged police intimidation of its witness Carlos Crump in connection with Crump's trial testimony; and (3) failed to call James Crenshaw as a witness at trial.

The trial court dismissed the first two claims based on the record and held an evidentiary hearing on the third claim. On 29 March 2010, the court issued Findings of Fact, Conclusions of Law, and an Order denying all three of Roberson's claims. Roberson appeals.

### Standard of Review

Roberson claims that, for the three reasons given above, he was denied the effective assistance of counsel at trial, and the trial court thus clearly erred in denying his amended Rule 29.15 motion for post-conviction relief.

■ In reviewing the denial of a Rule 29.15 motion, the trial court's findings are presumed correct. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). Only when its findings of fact or conclusions of law are clearly erroneous will we overturn the trial court's judgment on appeal. *Id.* To be "clearly erroneous," a ruling must leave the appellate court with a definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). If the trial court's findings are sustainable on any grounds, they should be upheld. *State v. Bradley*, 811 S.W.2d 379, 383 (Mo. banc 1991).

### Discussion

■ All three points Roberson now appeals are claims for relief based on ineffective assistance of trial counsel. To prove entitlement to post-conviction relief for ineffective counsel, a movant must show that counsel's performance was deficient, and that counsel's deficient performance resulted in prejudice to the movant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both the deficiency and the concomitant prejudice must be established by a preponderance of the evidence. *Id.*

### POINT 1: FAILURE TO IMPEACH ROCKETTE ABOUT ALLEGED LENIENCY

■ Roberson claims trial counsel was ineffective for failing to investigate whether the St. Louis County Prosecuting Attorney's office leniently disposed of charges against Ms. Shantella Rockette—unrelated to this case—in exchange for her trial testimony against Roberson. Roberson also claims trial counsel ineffectively failed to impeach Ms. Rockette about this alleged exchange of leniency. The record, however, repeatedly contradicts Roberson's claim, while offering virtually no evidence to support it.

■ To prove trial counsel's ineffectiveness for failing to impeach a witness, a movant must show that the impeachment would have provided a viable defense or would have otherwise changed the trial outcome. *Davidson v. State*, 308 S.W.3d

311, 317 (Mo.App. E.D.2010). In the present case, Ms. Rockette testified at trial that the County's disposition of its charges against her had no bearing on her testimony against Roberson, that she was neither given nor promised anything in exchange for testifying, and that she expected nothing in exchange for her testimony. Nothing in the record suggests that Ms. Rockette's answers would have been any different if defense counsel had cross-examined her in greater detail about the disposition of those charges. And attempting to impeach Ms. Rockette more aggressively on this issue would not have provided Roberson with a viable defense, since the testimony could not have negated any element of either crime of which Roberson was convicted.

At base, there is no reasonable likelihood that any additional information elicited from Ms. Rockette by further impeachment would have changed the trial's ultimate outcome, especially given that Ms. Rockette made various police statements implicating Roberson long before the County filed its unrelated charges against her. Consequently, the jury would not likely have believed that Ms. Rockette's testimony was fabricated for personal gain. In light of the substantial other evidence indicating Roberson's guilt, we find that defense counsel's impeachment of Ms. Rockette would not have affected the trial verdict. Thus, the trial court did not clearly err in finding that the record refuted Roberson's first claim and in denying it without an evidentiary hearing. The lower court's judgment is affirmed.

### POINT 2: FAILURE TO PURSUE ALLEGED POLICE INTIMIDATION OF CARLOS CRUMP

■ Roberson claims in his second point on appeal that trial counsel ineffectively failed to investigate allegations of police intimidation of State witness Carlos Crump. Like Roberson's previous point, the record here refutes this claim; specifically, with Crump's own trial testimony.

The trial court previously rejected this claim as lacking merit, noting that the police intimidation issue was explored at trial, where Crump expressly denied any such impropriety having occurred. Thus, the court found no reasonable probability that the jury's verdict would have differed had defense counsel pursued further actions concerning Crump.

Indeed, it was Mr. Crump who, following Roberson's directions, first located the victim's corpse disposed of in a trash can. Mr. Crump testified that when he spoke to Roberson, Roberson admitted that he choked a man the night that the victim was choked to death. And Crump unequivocally confirmed that his testimony was the truth, and that the police had not pressured him to do anything other than testify truthfully. These statements refute, rather than suggest, that Crump's testimony was dishonest or produced by police intimidation. Further, Roberson failed to give any facts even suggesting defense counsel, by acting differently, could have changed Crump's testimony or revealed independent evidence of police impropriety.

Again, the record's substantial evidence of Roberson's guilt leads us to conclude that he has failed, with respect to this point, to show any prejudice caused by counsel's failure to develop such information. We also find no reasonable likelihood that defense counsel's further exploration into police intimidation of Crump would have led to a different trial outcome. We find, therefore, that the trial court did not clearly err in denying this point based on the record, and affirm the lower court's judgment.

### POINT 3: FAILURE TO CALL JAMES CRENSHAW AS A WITNESS

■ Roberson's final claim on appeal is that trial counsel ineffectively failed to call

James Crenshaw as a defense witness at trial. Roberson claims Crenshaw's testimony would have corroborated Roberson's defense—namely, that Crenshaw strangled the victim. The trial court previously held an evidentiary hearing on this claim based on Roberson's assertion that Crenshaw would testify that he left Roberson's house with the victim after getting into a fight, and that Roberson did not strangle the victim. At the evidentiary hearing, Crenshaw was called as a witness for the defense. Aside from giving his name, Crenshaw pleaded the Fifth Amendment in response to every other question asked.

After the hearing, the trial court denied this claim, finding that Roberson failed to prove Crenshaw would have testified if called at trial, or that he could have even been found. The court also noted that Roberson admitted he did not expect Crenshaw to confess, just to confirm he was at Roberson's house on the night the victim was killed. The trial court concluded that such testimony would have neither provided Roberson a viable defense nor established Crenshaw as the victim's killer, and that defense counsel's testified-to trial strategy was reasonable.

 Counsel's decision whether or not to call a witness is virtually unchallengeable trial strategy. *Worthington v. State*, 166 S.W.3d 566, 577 (Mo. banc 2005). To prove trial counsel's ineffectiveness for failing to investigate and call a witness, a movant must demonstrate that: (1) counsel knew or should have known of the witness' existence; (2) the witness could have been located through reasonable investigation; (3) the witness would have testified; and (4) the witness' testimony would have produced a viable defense. *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D.2010). If that testimony would

not have unqualifiedly supported the movant, counsel is not ineffective for failing to call the witness to testify. *Id.* Movant bears the burden on appeal of proving grounds for relief by a preponderance of the evidence. *Nicklasson v. State*, 105 S.W.3d 482, 484 (Mo. banc 2003).

Here, Roberson has failed to meet that burden. Of the four proof requirements, the record evidence satisfies only the first: that trial counsel knew of James Crenshaw's existence. And though Roberson testified that he gave trial counsel Crenshaw's address, the court was entitled to disbelieve his testimony in favor of counsel. *Hurst v. State*, 301 S.W.3d 112, 117 (Mo.App. E.D.2010). Roberson offered no evidence other than his own trial testimony to prove Crenshaw could have been located by reasonable investigation. And Roberson failed entirely to evidence proof of the remaining requirements that Crenshaw would have testified and would have thereby given Roberson a viable defense. We reiterate that Crenshaw pleaded the Fifth to everything but his name when called to testify at the evidentiary hearing—a fact that refutes rather than supports the likelihood that he would have meaningfully testified at trial. Accordingly, Roberson has failed to prove Crenshaw's testimony—assuming he would have even given it—would have given him a viable defense.

 When defense counsel believes that a witness's testimony would not unequivocally support the defense position, it is a matter of trial strategy for counsel not to call that witness, and counsel's failure to call such witness is not ineffective assistance. *Wilson v. State*, 226 S.W.3d 257 261–62 (Mo.App. S.D.2007). "An attorney is not ineffective for failing to further investigate or call a witness to testify who is unwilling to do so and who cannot be counted on to give testimony favorable to the client." *Clayton v. State* 63 S.W.3d

201, 208 (Mo. banc 2001). In this case, we find there was sufficient evidence indicating Crenshaw would have been unwilling or unreliable as a witness for the defense for counsel to reasonably exclude him. Thus, the trial court did not clearly err in finding that defense counsel's strategy respecting Crenshaw was reasonable and therefore denying Roberson's contrary claim. Accordingly, we uphold that decision.

### *Conclusion*

Based on the foregoing reasons, we AFFIRM the trial court's Order denying Roberson's Rule 29.15 motion to vacate on all grounds.

ROY L. RICHTER, C.J. and DAVID ASH, SP. J., concur.