

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| ROBERT H. GURLEY, | ) | No. ED99938 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of the |
| | ) | City of St. Louis |
| vs. | ) | |
| | ) | Honorable Michael F. Stelzer |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed:  April 15, 2014 |

### INTRODUCTION

Robert Gurley ("Movant") appeals the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant alleges the motion court erred in denying his motion, because his trial counsel was ineffective for failing to: investigate for the presence of his blood on two knives submitted into evidence, "raise the issue of the fact that the deceased was still wearing a gold watch when discovered by police," and object to the introduction of his prior bad acts into evidence. Movant also contends his appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred by allowing Movant's "mug shot" into evidence. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 1998, City of St. Louis police officers arrived at the house of the victim in this case, J.W., after receiving a call from a woman reporting that she found her son, non-responsive, lying on the floor of his residence. When police officers arrived, they found J.W.'s body face-down on his bedroom floor, with a sheet tied around his neck and the house in a state of disarray. A significant amount of blood was pooled around J.W.'s body and found throughout the house and the police indicated it was apparent that J.W. had suffered numerous violent injuries before his death. The State's medical examiner determined his cause of death was by strangulation, with blunt trauma to his head as a contributing factor.

During their initial investigation, the investigating officers recovered the fingerprints and DNA of a possible suspect. Although the case remained unsolved for nearly a decade, St. Louis police later matched the DNA evidence to Movant through the Combined DNA Index System (CODIS). Police officers contacted Movant, who was incarcerated in Montana on unrelated charges, and confirmed the match. Movant initially denied being in St. Louis in March 1998 or knowing the victim. Eventually, however, he admitted to the killing but alleged self-defense. Thereafter, the State charged Movant with first-degree murder, as a prior felony offender, and tried Movant for the crime in March 2011.

At trial, the State argued Movant killed J.W. while attempting to rob him. Movant claimed self-defense, and testified that he killed the victim while struggling to fend off an attempted sexual assault by J.W. At the close of evidence, the trial court provided the jury with instructions for the offense of first degree murder, and the lesser included offenses

of second degree murder and voluntary manslaughter, as well as a self-defense instruction. The jury returned a verdict of guilty for the lesser included offense of second-degree murder. The court sentenced Movant to life imprisonment and this Court affirmed Movant's conviction in State v. Gurley, 379 S.W.3d 848 (Mo. App. E.D. 2012). Thereafter, Movant timely filed a motion for post-conviction relief, later amended, alleging ineffective assistance of trial and appellate counsel. The motion court denied Movant's amended motion without a hearing. Movant timely appeals.

## STANDARD OF REVIEW

"To be entitled to an evidentiary hearing on a postconviction motion "a movant must (1) cite facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegations must not be refuted by the record; and (3) the matters complained of must prejudice the movant." State v. Blankenship, 830 S.W.2d 1 (Mo. banc 1992). "An evidentiary hearing is not required if the motion court determines that the motion and the files and records of the case conclusively show that the movant is entitled to no relief." Id.

Our review of the motion court's denial is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); Trice v. State, 344 S.W.3d 277, 278 (Mo. App. E.D. 2011). Clear error exists "if review of the record as a whole leaves this Court with the firm and definite impression that a mistake has been made." Trice, 344 S.W.3d at 278.

## DISCUSSION

In his first point, Movant contends his counsel was ineffective for failing to investigate for the presence of his blood on two knives found at the crime scene because

this evidence would have corroborated his claim of self-defense by showing that the victim cut him with a knife during the struggle.[1] We disagree.

For claims related to ineffective assistance of counsel, a movant must allege facts, not refuted by the record, that show counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and the movant was thereby prejudiced. Morrow v. State, 21 S.W.3d 819, 823 (Mo. banc 2000). "To satisfy the first prong of this test, a movant must 'overcome a strong presumption that counsel provided competent representation by showing that 'counsel's representation fell below an objective standard of reasonableness.''" Jamerson v. State, 410 S.W.3d 299, 301 (Mo. App. E.D. 2013) (quoting Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005)). To prove prejudice, Movant must establish that there is a reasonable probability that the outcome of the case would have been different, but for trial counsel's errors. Nelson v. State, 372 S.W.3d 892, 895 (Mo. App. E.D. 2012).

To succeed on a claim of ineffective assistance of counsel for failure to investigate, a movant "is required to: (i) specifically describe the information his attorney failed to discover, (ii) establish that a reasonable investigation by trial counsel would have resulted in the discovery of such information, and (iii) prove that the information

---

[1] Movant's first point on appeal diverges from the one he presented to the motion court. In his original motion, Movant questioned his trial counsel's failure to "investigate" the existence of his DNA by failing to "locate and consult with an expert in the field of DNA analysis," and then, "call such an expert to testify" to the test results. On appeal, Movant has reshaped this argument to allege his counsel was ineffective for failing "to have knives taken as evidence tested for DNA," removing any reference to counsel's failure to locate, consult with, or call an expert witness. "The point on appeal must be directed to the claim alleged in the motion;" otherwise this Court lacks authority to review the allegation of error. See Thurman v. State, 263 S.W.3d 744, 749 (Mo. App. E.D. 2008). Thus, to the extent that Movant's claim on appeal fails to allege his counsel was ineffective for failing to locate, consult with, or call an expert witness, he has waived our review. Nevertheless, we will address his point insofar as the general crux of both arguments is that his counsel failed to "investigate" and produce evidence that his blood was on one of the knives submitted into evidence.

would have aided or improved his position at trial." Cornelious v. State, 351 S.W.3d 36, 46 (Mo. App. W.D. 2011) (internal quotations omitted). "Trial counsel is afforded wide latitude in preparing for and conducting a defense." Prince v. State, 390 S.W.3d 225, 234 (Mo. App. W.D. 2013).

Here, the motion court found Movant's first point to be without merit because Movant failed to name an expert witness in the field of DNA analysis who would actually testify that the blood on the knives tested positive for Movant's DNA. The court added "it does not appear that the source of the blood would be probative of which person was the initial aggressor." This determination is not clearly erroneous.

Movant has failed to establish by a preponderance of the evidence that a DNA test on the knives would have aided his position at trial. In his motion for post-conviction relief Movant alleged he would call an "[e]xpert in DNA analysis" and introduce into evidence the "[e]xpert's DNA analysis results." But Movant has failed to prove that a DNA test would have supported his position. We note that it is equally plausible that, at trial, a DNA test would have harmed Movant's position rather than aided him. If a DNA test had been conducted, and the results did not reveal any of Movant's blood on either knife, the DNA test would have undermined his self-defense argument. See also State v. Williams, 861 S.W.2d 670, 678 (Mo. App. E.D. 1993) ("Indeed, DNA testing might have produced scientific evidence which could have helped ensure appellant's conviction."). Without any test results, however, Movant's trial counsel was free to suggest to the jury, and he did suggest, that Movant's blood was on at least one of the knives. We presume that Movant's counsel was reasonably competent, and would have weighed the possible outcomes when deciding whether to submit the knives to a DNA analyst to test for

5

Movant's blood and then testify to the results. See also Roberson v. State, 336 S.W.3d 216, 221 (Mo. App. E.D. 2011) ("if that testimony would not have unqualifiedly supported the movant, counsel is not ineffective for failing to call the witness to testify"). Thus, Movant failed to prove that counsel's decision to refrain from testing the knives fell below an objective standard of reasonableness.

Furthermore, even if we assume counsel's performance was deficient, Movant has failed to establish any prejudice. Failure to present cumulative evidence is not prejudicial. State v. Daugherty, 906 S.W.2d 812, 817-818 (Mo. App. E.D. 1995). Here, the jury already heard evidence that Movant was cut by a knife during the struggle. In addition to Movant's own testimony and the scars he presented to the jury to support his claim of a knife fight, the State's criminal investigator testified that Movant's DNA had been collected from blood splatter found throughout the crime scene. On cross-examination, the State's DNA expert could not discount the possibility that Movant's blood might have been on one of the knives. Moreover, the State did not offer any explanation for the presence of Movant's blood at the crime scene. Regardless, the jury rejected Movant's claim of self-defense and found him guilty of murder. Consequently, cumulative evidence that Movant had been cut by a knife would not have led to a different outcome.

Thus, Movant has failed to establish beyond a preponderance of the evidence that his counsel was ineffective for failing to test for the existence of his blood on the knives submitted into evidence. Accordingly, the motion court did not err in denying Movant's first point without an evidentiary hearing. Point denied.

In his second point, Movant contends that his trial counsel was ineffective for failing to "raise the issue of fact" to the jury that "the deceased was still wearing a gold

6

watch when discovered by police." Specifically, Movant argues his trial counsel "never brought the position of the watch, the value of the watch, or anything about the watch to the attention of the jury" and thereby prejudiced Movant. We disagree.

Movant's trial counsel brought the watch to the attention of the jury. During trial, Movant's counsel elicited the following testimony from Movant:

Q. Did you take the watch that was on [J.W.'s] left arm?

A. No, sir.

Q. Did you take anything other than the car keys?

A. No, sir. Just the car keys.

Q. And did you ever permanently retain anything beyond that night?

A. No sir, I didn't.

The State did not rebut this testimony. Thus, the record refutes Movant's assertion that his counsel failed to "raise" this fact to the jury. Accordingly, the trial court did not err in finding this claim to be without merit.[2] Point denied.

In his third point, Movant argues his trial counsel was ineffective for failing to object when the State elicited testimony from him that he previously used false names, social security numbers, and birth dates, because this information was improper character evidence of uncharged bad acts. We disagree.

---

[2] In the argument portion of his brief, Movant also argues that trial counsel was ineffective for failing to elicit testimony from "Medical Legal Death Investigator Randall Hayes," that J.W. was wearing a watch, and for failing to "investigate the matter of valuables." To the extent that these arguments may raise wholly separate and independent arguments than presented in his Point Relied On, these issues are not preserved and we decline review. See Rule 84.04(e) ("The argument shall substantially follow the order of 'Points Relied On,'" and, "shall be limited to those errors included in the 'Points Relied On.'"); State v. Daniel, 103 S.W.3d 822, 824 (Mo. App. W.D. 2003); Dawson v. State, 315 S.W.3d 726, 733 n.5 (Mo. App. W.D. 2010).

"Ineffective assistance of counsel is rarely found in cases of a failure to object." Worthington v. State, 166 S.W.3d 566, 581 (Mo. banc 2005). "We will not deem counsel ineffective for failing to object to admissible evidence." Gray v. State, 378 S.W.3d 376, 381-382 (Mo. App. E.D. 2012).

Movant's counsel failed to object to the State's line of questions eliciting from Movant admissions that he had used eleven false names, several false social security numbers and five false birth dates. A witness, including a defendant who chooses to testify, may be questioned about collateral uncharged acts of misconduct or dishonesty to cast doubt on his credibility. State v. Strughold, 973 S.W.2d 876, 891-892 (Mo. App. E.D. 1998) ("Anything that has the legitimate tendency of throwing light on the accuracy, truthfulness, and sincerity of a witness is proper for determining the credibility of the witness."). The scope of cross-examination and the determination of matters of witness credibility are largely within the discretion of the trial court. State v. Dunn, 817 S.W.2d 241, 245 (Mo. banc 1991). Here, Movant's testimony on cross-examination was logically related to the issue of Movant's character for truthfulness and veracity, and was therefore admissible. Accordingly, counsel was not ineffective in failing to object and the motion court did not err in rejecting Movant's argument. Point denied.

In his fourth point, Movant contends he received ineffective counsel on appeal because his counsel failed to argue on direct appeal that the trial court erred by allowing the State to introduce into evidence an allegedly prejudicial "mug shot." We disagree.

"Admission of a mug shot constitutes prejudicial evidence of other crimes only when the mug shot or accompanying testimony discloses a defendant's prior arrests or convictions." State v. Young, 943 S.W.2d 794, 798-799 (Mo. App. W.D. 1997). However,

8

when a defendant discloses the fact that he has previous convictions, any potential prejudice from the introduction of a mug shot is "destroyed." See State v. Scrutchfield, 742 S.W.2d 192, 197 (Mo. App. W.D. 1986).

Here, Movant freely admitted to having seventeen prior convictions before the State introduced the mug shot into evidence. Thus, the jury was already aware of Movant's extensive criminal history, thereby negating any prejudice that could have resulted from the State's introduction of the mug shot. Accordingly, the motion court did not err in rejecting Movant's claim without an evidentiary hearing. Point denied.

CONCLUSION

For the above reasons, the judgment of the motion court is affirmed.

_____
Lisa S. Van Amburg, Presiding Judge


Patricia L. Cohen, Judge, and
Philip M. Hess, Judge, concur.

9