

# Missouri Court of Appeals

### Southern District

### Division Two

BRADLEY LEE BROWN JR.,               )
                                     )
        Movant-Appellant,            )
                                     )
vs.                                  )          No. SD33042
                                     )
STATE OF MISSOURI,                   )          **Filed:  December 18, 2014**
                                     )
        Respondent-Respondent.       )

### APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Robin E. Fulton, Associate Circuit Judge

### <u>AFFIRMED</u>

Bradley Lee Brown, Jr., ("Movant") appeals from the motion court's denial of his Rule 29.15[1] motion for post-conviction relief.  Movant's post-conviction motion challenged his convictions for first-degree domestic assault and armed criminal action.  *See* § 565.072, RSMo Cum. Supp. (2008), § 571.015, RSMo (2000).  Movant asserts several claims of ineffective assistance of counsel. Movant failed to prove these claims at the evidentiary hearing, and we affirm the motion court's judgment.

---

[1] All rule references are to Missouri Court Rules (2014).

## Factual and Procedural Background

On March 8, 2008, Movant stabbed his then-girlfriend Nancy McCormick ("Victim") 11 times. He was charged with first-degree domestic assault and armed criminal action. At his trial for the charges, Movant testified Victim was angry with him and while in a drug induced frenzy stabbed herself to get him in trouble. The jury rejected Movant's testimony, found Movant guilty, and Movant's convictions and sentences were affirmed on appeal. *State v. Brown*, 353 S.W.3d 412, 414 (Mo. App. S.D. 2011).

Movant timely sought post-conviction relief. An amended motion was filed on Movant's behalf. The motion court denied Movant's claims after an evidentiary hearing, and Movant appeals the denial of his claims.

## Standard of Review and Legal Principles Applicable to All Points

When granted an evidentiary hearing in a post-conviction case, the movant has the burden of proving his claims "by a preponderance of the evidence." Rule 29.15(i). Appellate review of the motion court's decisions in such cases is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Morgan v. State*, 319 S.W.3d 514, 517 (Mo. App. S.D. 2010). "The findings of the motion court are presumptively valid." *Morgan*, 319 S.W.3d at 517 (quoting *Fry v. State*, 244 S.W.3d 284, 285 (Mo. App. S.D. 2008)). Thus, "[t]he motion court's findings and conclusions are clearly erroneous 'only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made.'" *Id.* (quoting *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992)).

To prevail on a claim that his trial counsel provided ineffective assistance, "a movant must show that: '(1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney[;]' and (2) counsel's poor performance prejudiced the defense." ***Id.*** at 518 (quoting ***State v. Hall***, 982 S.W.2d 675, 680 (Mo. banc 1998)). Prejudice exists "when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Morgan***, 319 S.W.3d at 518 (quoting ***Strickland v. Washington***, 466 U.S. 668, 694 (1984)). Additionally, "[s]hould a movant fail to satisfy either element, the appellate court on review need not consider the other." ***Craig v. State***, 410 S.W.3d 728, 731 (Mo. App. W.D. 2013) (quoting ***Slater v. State***, 147 S.W.3d 97, 101 (Mo. App. W.D. 2004)).

## Point I

In his first point, Movant claims the motion court clearly erred when it found Andrea Zimmerman ("trial counsel"), the attorney who represented Movant at trial, was not ineffective for failing to impeach the officer who initially responded to the scene of the stabbing with the officer's prior inconsistent statements and omissions which allegedly would have "implicated the quality of the police investigation, the legitimacy of his searches, and his believability." This argument is without merit.

The following additional facts are relevant to the resolution of this claim. Officer Jason Hammontree of the City of Chaffee Police Department ("Officer Hammontree") was the first police officer to arrive on the scene. He searched the residence for Movant and later assisted in the apprehension of Movant.

3

In his amended motion for post-conviction relief, Movant claimed trial counsel was ineffective for failing to impeach Officer Hammontree regarding the collection of Movant's clothes after his arrest and the search of Movant's residence. At the post-conviction evidentiary hearing, trial counsel testified that the defense theory of the case was to prove Victim was lying and that, instead of Movant stabbing Victim, "[Victim] stabbed herself[.]" In support of that theory, she called Movant and a pharmacologist. Trial counsel testified she did not cross-examine Officer Hammontree regarding how Movant's clothes were processed after Movant's arrest because under the defense theory of the case, Victim's blood would have still been on Movant's clothes. Trial counsel further explained she did not think there was much in Officer Hammontree's search of the residence that helped the defense theory since even under the Movant's theory there had been a struggle in the home. Trial counsel did not think Officer Hammontree's testimony "necessarily helped or hurt the case[.]" This evidence showed Movant failed to meet his burden of proving trial counsel was ineffective for failing to impeach Officer Hammontree. It was reasonable to limit the cross-examination of Officer Hammontree.

"Generally, the mere failure to impeach a witness does not entitle a movant to post-conviction relief." *Craig*, 410 S.W.3d at 733 (quoting *Borst v. State*, 337 S.W.3d 95, 106 (Mo. App. W.D. 2011)). That is, "[t]o establish ineffective assistance for counsel's failure to impeach a witness, the movant must show that the impeachment of the witness would have provided the defendant a viable defense or otherwise changed the outcome of the trial." *Morgan*, 319 S.W.3d at 518 (quoting *Davidson v. State*, 308 S.W.3d 311, 317 (Mo. App. E.D.

4

2010)). Missouri courts have frequently found that trial counsel were not ineffective for failing to impeach witnesses with minor inconsistencies. *See, e.g.*, ***Gray v. State***, 139 S.W.3d 617, 623 (Mo. App. W.D. 2004); ***State v. Brown***, 867 S.W.2d 530, 536 (Mo. App. W.D. 1993).

The trial court did not clearly err when it found trial counsel was not ineffective for failing to further impeach Officer Hammontree. Movant's first point is denied.

## Point II

In his second point, Movant argues the motion court clearly erred in denying his claim that Alexa Pearson ("appellate counsel"), the attorney who represented Movant during his direct appeal, was ineffective for failing to raise a claim in Movant's direct appeal regarding the prosecution's expert witness. We disagree.

The following additional facts are relevant to the resolution of this claim. At trial, Movant testified Victim's wounds were self-inflicted. To combat this testimony, the prosecution presented the testimony of Doctor William Silliman ("Dr. Silliman"). Dr. Silliman was the trauma surgeon who treated Victim on the night of the attack. Dr. Silliman described Victim's wounds. He stated that the deep cut on Victim's thumb seemed to be defensive in nature and that he had "never in [his] experience seen anyone injure themselves in this way." Trial counsel objected to Dr. Silliman's testimony on this point, and the claim was preserved for appellate review, but appellate counsel did not raise the claim on direct appeal.

5

In his amended motion, Movant claimed appellate counsel was ineffective for failing to raise a claim on appeal regarding Dr. Silliman's expert qualifications to testify that Victim's wounds were not self-inflicted. In the post-conviction case, Movant presented an affidavit from appellate counsel. Appellate counsel stated she did not raise a point on appeal regarding Dr. Silliman's qualifications to opine about the defensive nature of Victim's wounds because she did not believe the appellate court would find the argument persuasive.

For a movant to obtain relief on a claim that appellate counsel was ineffective, "strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Richardson v. State*, 386 S.W.3d 803, 806 (Mo. App. S.D. 2012) (quoting *Moss v. State*, 10 S.W.3d 508, 514 (Mo. banc 2000)). However, "[f]ailing to raise a nonmeritorious claim does not convict counsel of being ineffective." *Glover v. State*, 225 S.W.3d 425, 429 (Mo. banc 2007); *see also* *Trotter v. State*, 443 S.W.3d 621, 626 (Mo. App. W.D. 2014).

### Dr. Silliman's Qualifications

Movant claims a point on direct appeal challenging Dr. Silliman's qualifications would have required reversal as Dr. Silliman was not qualified to state Victim's wounds were defensive in nature because Dr. Silliman did not have formal training in forensic medicine. Movant is incorrect.

"In order to qualify as an expert, a witness must have knowledge or skill from education or experience that will aid the trier of fact." *State v. Blakey*, 203 S.W.3d 806, 816 (Mo. App. S.D. 2006). This knowledge or skill need not

6

come from formal sources; "practical experience, rather than scientific study or formal training, may qualify a witness to testify as an expert." *State v. Futo*, 932 S.W.2d 808, 820 (Mo. App. E.D. 1996). "Expert testimony should be admitted if the witness possesses 'some qualification.'" *Blakey*, 203 S.W.3d at 816. Beyond that, "[t]he extent of an expert's experience or training in a particular field goes to the weight, not the admissibility, of the testimony." *Id.* (quoting *State v. Partridge*, 122 S.W.3d 606, 609 (Mo. App. E.D. 2003)).

In a case with facts and arguments similar to the present case, the Eastern District of this Court examined a defendant's claim that a doctor of pediatric emergency medicine was not qualified to testify that a child's injuries were indicative of child abuse because the testimony was outside the doctor's area of expertise. *State v. Gray*, 347 S.W.3d 490, 498 (Mo. App. E.D. 2011). The Eastern District rejected that claim, pointing to the doctor's many years of experience treating children. *Id.* at 504.

Here, similarly, although Dr. Silliman was not a specialist in forensic medicine, he had extensive experience which qualified him to give an opinion regarding the cause of Victim's injuries. Dr. Silliman was a trauma surgeon, and he had treated about 100 patients with stabbing-type injuries over the course of his nine-year-long career. Each year he took "courses on what type of injury patterns occur in different situations[,]" and he observed many types of wounds during his surgical residency. Based on this experience, Dr. Silliman had more than "some qualification" to give the opinion that the injury to Victim's thumb was a defensive injury. *See id.*

7

A point on appeal regarding Dr. Silliman's qualifications to render that opinion would have been without merit.

### *Invading the Province of the Jury*

Movant also claims a challenge to Dr. Silliman's opinion would have required reversal because that opinion invaded the province of the jury. Again, Movant is incorrect.

"It is well-established law that 'expert testimony is admissible if it is clear that the subject of such testimony is one upon which the jurors, for want of experience or knowledge, would otherwise be incapable of drawing a proper conclusion from the facts in evidence.'" ***State v. Haslett***, 283 S.W.3d 769, 779 (Mo. App. S.D. 2009) (quoting ***State v. Faulkner***, 103 S.W.3d 346, 360-61 (Mo. App. S.D. 2003)). Additionally, "an expert may testify concerning his or her opinion on an ultimate issue, but the testimony must aid the jury and not invade the jury's province." ***Id.*** "Invading the province of the jury includes stating that the defendant is guilty of the crimes." ***Gray***, 347 S.W.3d at 504. In contrast, testimony which concludes the injuries were caused by abuse as opposed to accident without identifying the defendant as the perpetrator does not run afoul of this rule. ***Haslett***, 283 S.W.3d at 780.

In the present case, Dr. Silliman never opined Movant caused Victim's injuries. Instead, he concluded based on his examination of Victim's injuries that "it looks like she was putting her hands up and somebody was coming at her with a knife and cut her thumb." He also stated, "I've never in my experience seen anyone injure themselves in this way." During cross-examination, he admitted he was not present when the injuries were inflicted and had no personal

knowledge of how the injury was inflicted. That is, nowhere in Dr. Silliman's testimony did he imply Movant was the person who caused Victim's injuries. While he gave an opinion regarding an important evidentiary issue in this case—*i.e.*, whether Victim's wounds were defensive or self-inflicted—he did not comment on Victim's credibility or the identity of her attacker. Thus, his testimony was admissible, and a point challenging it on direct appeal would not have required reversal.

Movant's reliance on **State v. Churchill**, 98 S.W.3d 536 (Mo. banc 2003), is misplaced. **Churchill** involved a doctor's opinion that the child victim was telling the truth. In the present case, Dr. Silliman simply discussed his conclusions from the nature of Victim's wounds. **Churchill** is not controlling.

The motion court did not clearly err when it concluded appellate counsel was not ineffective. A claim challenging Dr. Silliman's testimony would not have required reversal because sufficient evidence was adduced to establish that Dr. Silliman was (1) qualified to give an opinion regarding the cause of Victim's wounds and (2) that testimony did not invade the province of the jury. Defendant's second point is denied.

### Point III

In his final point, Movant argues the motion court clearly erred in denying Movant's claim that trial counsel was ineffective for failing to object to (1) the prosecutor's cross-examination of Movant suggesting Movant was lying because he tailored his testimony to the evidence and (2) the prosecutor's closing argument suggesting Movant was lying because he tailored his testimony to the

evidence. This claim is without merit because the prosecutor's questions and arguments were permissible comments on Movant's credibility as a witness.

### *Cross-Examination*

"Ineffective assistance of counsel is rarely found in cases of a failure to object." *Gurley v. State*, 431 S.W.3d 511, 516 (Mo. App. E.D. 2014) (quoting *Worthington v. State*, 166 S.W.3d 566, 581 (Mo. banc 2005)). Furthermore, appellate courts "will not deem counsel ineffective for failing to object to admissible evidence." *Id.* (quoting *Gray v. State*, 378 S.W.3d 376, 381-82 (Mo. App. E.D. 2012)).

Here, the questions were permissible because they bore on Movant's credibility. When a defendant chooses to testify, "he is 'subject to cross-examination impeaching his credibility just like any other witness.'" *Portuondo v. Agard*, 529 U.S. 61, 70 (2000) (quoting *Jenkins v. Anderson*, 447 U.S. 231, 235-36 (1980)). "Anything that has the legitimate tendency of throwing light on the accuracy, truthfulness, and sincerity of a witness is proper for determining the credibility of the witness." *Gurley*, 431 S.W.3d at 516 (quoting *State v. Strughold*, 973 S.W.2d 876, 891 (Mo. App. E.D. 1998)). In fact, the United States Supreme Court has implied that such cross-examination is permissible. *See Portuondo*, 529 U.S. at 72 (rejecting the argument that there was a constitutionally significant difference between asking the defendant questions on cross-examination about the defendant's ability to tailor his testimony to the evidence and closing argument implying the defendant had the ability to tailor his testimony to the evidence).

10

In the present case, Movant took the stand and testified in his own defense. Thus, he put his credibility at issue. During the State's cross-examination of Movant, the following exchange occurred:

Q    Now, where else did [Victim] stab herself?

A    To the pictures I seen, the shoulder, her arm, her neck, her face.

Q    Okay. You brought up something good there. You saw pictures of her injuries?

A    I did yesterday on the wall there.

Q    You seen them before yesterday, though?

A    Yes, I have.

Q    In fact, you've seen all the reports in this case, correct?

A    Yes, ma'am.

Q    You set [sic] here and listened to all of the testimony?

A    Yes, ma'am.

Q    Seen all the evidence?

A    Yes, ma'am.

Q    Know just how to make your story fit what the evidence says?

A    No, ma'am.

At the evidentiary hearing regarding the post-conviction motion, trial counsel explained she did not object to these questions because she believed there was a case which held those arguments were not objectionable. Questions such as those at issue here, suggesting ways Movant could have fabricated his testimony, were permissible to help the jury evaluate Movant's credibility. The motion court did not clearly err in finding trial counsel was not ineffective for failing to object to these questions.

### *Closing Argument*

Generally speaking, "[o]bjections during closing argument are considered a function of trial strategy." *Aaron v. State*, 81 S.W.3d 682, 696 (Mo. App. W.D. 2002) (quoting *State v. Hall*, 982 S.W.2d 675, 689 (Mo. banc 1998)). "The failure to object during closing argument only results in ineffective assistance of counsel if it prejudices the accused and deprives him of a fair trial." *Hardy v. State*, 387 S.W.3d 394, 401 (Mo. App. S.D. 2012) (quoting *Jackson v. State*, 205 S.W.3d 282, 290 (Mo. App. E.D. 2006)). Furthermore, "[t]he alleged improper argument must be considered in the context of the trial as a whole[,]" *Aaron*, 81 S.W.3d at 696 (quoting *Hall v. State*, 16 S.W.3d 582, 586 (Mo. banc 2000)), and "[c]ounsel will not be found ineffective for failing to make non-meritorious objections." *Id.* at 697.

This Court has specifically held it is permissible for a prosecutor to argue the defendant's testimony is not credible because the defendant has had the opportunity to listen to all the evidence and tailor the testimony to the facts presented. *State v. Norville*, 23 S.W.3d 673, 685 (Mo. App. S.D. 2000). Such a comment is just an evaluation of the defendant's credibility from the State's viewpoint. *Id.* Here, as in *Norville*, the prosecutor's comment was simply a comment on Movant's credibility.

Movant's argument in support of his conclusion to the contrary primarily rests on *Griffin v. California*, 380 U.S. 609 (1965), which holds that a prosecutor may not comment in closing argument on a defendant's failure to testify, and the assertion that the questions and argument impugned Movant's right to discovery and to confront the witnesses against him. This argument has

12

been rejected by the United States Supreme Court.  In ***Portuondo***, 529 U.S. at 63, the Court held that an argument stating "the defendant had the opportunity to hear all other witnesses testify and to tailor his testimony accordingly" did not violate the defendant's rights to be present at trial, to confront the witnesses against him, or to testify on his own behalf.

Trial counsel was not ineffective for failing to object because the prosecutor's questions and argument were not improper.  Movant's third point is denied.

### Conclusion

The motion court's judgment is affirmed.

MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

DON E. BURRELL, J. - CONCURS